Nichols
*v.*
Doty.

A second offence of petit larceny not being provided for in the revision of 1813, the Legislature, in 1819, adopted the phraseology which had provided for this case in the old revisions. This act of 1819 is the one under consideration.

We think the difference of phraseology in these several statutes was entirely accidental ; that the Legislature meant the same thing in each, which is, that a conviction shall precede the second offence. The reasonable construction is given by *Hawkins.* (*P. C. ch.* 40, *s.* 3, and *Jac. L. D. tit. Convict,* 1) to which we were referred by the prisoner's counsel, where the rule is thus laid down—" When a statute makes a second offence felony, or subject to a heavier punishment than the first, it is always implied that such second offence ought to be committed after a conviction for the first ; for the gentler method shall first be tried, which, perhaps, may prove effectual."

The prisoner was sentenced to the county gaol of *Oneida,* for 6 months.

                                        Rule accordingly.

---

## NICHOLS *against* DOTY.

The fees of a witness attending from a foreign state are 50 cents a day.

D. RUSSELL, moved for a re-taxation of costs. A town clerk, from the state of *Vermont,* attended the trial ; and the only question was whether he should be allowed 25 or 50 cents a day. *Russell* said that he was not a witness attending from a foreign county, within the act, (2 *R. L.* 29) and was, therefore, entitled to but 25 cents.

*J. Crary,* contra.

*Curia.* The witness is entitled to 50 cents per day, to be computed from the time he left home.

                                        Rule accordingly.