1831.

Rogers
v.
Rogers.

---

## S. ROGERS and others vs. H. ROGERS and others.

On an application for a retaxation, where the pleadings were before the taxing officer, the court will presume the number of folios were correctly taxed, unless there is an affidavit of a mistake in that respect.

If counsel, other than the solicitor, is actually employed in the cause, retaining fees, both for solicitor and counsel, are taxable, although the name of the solicitor only is subscribed to the pleadings as counsel.

Instructions to search for judgments, &c. are only taxable in mortgage cases, and others of that description, where, by the practice of the court, it is necessary to make all the incumbrancers parties to the suit.

Where deeds and other writings or parts thereof are incorporated into pleadings they cannot be charged as a part of the draft of such proceedings.

A copy of the subpœna to annex to the affidavit of service is unnecessary, and not taxable ; the original subpœna should be annexed.

Three folios are allowed for the draft and engrossments of subpœnas for witnesses ; and two for the draft and copies of subpœna tickets.

Twelve and a half cents is the proper allowance for serving a subpœna on a witness in chancery.

A written request to the register to enter an order is in the nature of a precipe, and cannot be taxed under the revised statutes.

Where a witness is directed to be examined on written interrogatories, an engrossed copy of the interrogatories to be filed with the testimony, is taxable.

It is not necessary, where the copy of a pleading is served on the adverse party, to give him notice that it is a copy ; and no allowance can be made on taxation for such notice.

All charges for notices not required by the rules and practice of the court, should be rejected by the taxing officers as useless and unnecessary services.

An affidavit of serving a notice of the order to answer is taxable, if actually made, although it is afterwards rendered unnecessary by the putting in of the answer.

But an affidavit of service of a notice of the examination of a witness is not taxable, unless it becomes necessary to make and use such an affidavit on some special application to the court.

Where the examination of several witnesses is noticed for the same time, only one notice is necessary; and a notice of the examination of a witness, for the examiner, is not taxable.

Where the whole travel of a witness in going and returning is less than fifteen miles no allowance for travel can be made, unless it appears that he was obliged to come so early, or was detained so late, that he could not come and return on the day of his attendance. If the whole distance both ways is over fifteen miles and under thirty, one day should be allowed for travel; and if over fifteen miles each way, one day should be allowed for the witness to come, and one to return, independent of the time he is detained for examination.

Charges for disbursements to witnesses, beyond the amount of their per diem allowance, are not taxable against the adverse party.

Where travelling fees are claimed, the affidavit should state the probable distance travelled by each witness.

Where depositions are drawn by the solicitor, under a stipulation between the parties, no higher charge can be allowed for the draft or engrossment thereof than if the service had been performed by the proper officer of the court.

A copy of the pleadings and depositions for the use of counsel is not taxable against the adverse party; the abbreviation of the pleadings and depositions for the use of counsel is all that can be allowed.

Where a cause, at the hearing, is directed to stand over for want of parties, if the defendant has not made the objection previous to that time, neither party ought to have costs, as against the other, for the extra expense occasioned by that proceeding.

Where a cause stood over at the hearing, with leave to file a supplemental bill, and nothing was said as to the costs; and a subsequent decree in the cause directed the defendant to pay all the complainant's costs not previously disposed of, *held*, that the costs of the supplemental bill were embraced by the decree.

Where a party successfully opposes a motion, and nothing is said about costs in the order denying the application, he is entitled to his costs of opposing, as costs in the cause, if he obtains a decree for costs.

The charge for counsel attending prepared for argument at a term when the cause was not reached on the calendar, is not provided for by the chancery fee bill, and cannot be allowed.

Where postage or other disbursements are charged, each *item* of such disbursements, and the occasion and circumstances of the expenditure, should be particularly specified in the bill of costs, and sworn to.

It is the duty of the taxing officer to see that the several provisions of the revised statutes relative to the taxation of costs are complied with, whether the taxation is opposed or not.

The charges for attending the master to obtain his signature to a summons, and for attending to obtain his report after it has been completed, are not provided for by the fee bill, and are not taxable.

1831.

Rogers
v.
Rogers.

1831.

Rogers
v.
Rogers.

The solicitor cannot be allowed for an engrossed copy of charges or discharges before the master; nor for engrossing objections to the draft of the master's report. The allowance for engrossed copies to file, applies only to copies of such papers as are directly or ultimately to be filed in the register's or clerk's office.

It is the duty of a party who is dissatisfied with the taxation, as to particular items in the bill of costs, to bring the questions as to such items directly before the court by a motion on his part, although the adverse party applies for a retaxation as to other items.

The petition, or other papers, on which an application for a retaxation is founded, should distinctly refer to, or point out, the particular items or parts of the bill of costs, as to which a retaxation is sought.

A charge for instructions as to the manner of serving the subpœna on a defendant is not taxable; and no allowance for serving the subpœna can be made, by way of disbursement, beyond the sum fixed by the fee bill.

Where a motion is made or opposed by counsel, other than the solicitor on record, the attendance fee of the solicitor is taxable although he did not attend in person; but where the solicitor makes or opposes the motion himself, and is allowed therefor as counsel, he cannot charge an attendance fee as solicitor also.

No allowance can be made to the solicitor for attending the hearing of a calendar cause, unless he attends in person.

The charge for perusing amending and signing pleadings, can only be allowed when the service is actually performed by counsel other than the solicitor in the cause; and where the name of the solicitor alone is signed to the engrossed pleadings as counsel, the presumption is that no other counsel perused and signed the drafts.

The drafts of pleadings in litigated causes should be submitted to the actual examination of the senior counsel, before they are engrossed and filed.

The charge for perusing and settling a decree applies to a final decree only, and it cannot be allowed on a mere decretal order.

Practice as to settling decrees and special orders.

The rule requiring an affidavit of regularity, on bills taken as confessed, applies to mortgage cases only. The affidavit is proper, however, in other cases of bills taken as confessed, under the revised statutes, to enable the court to ascertain whether the defendants have been personally served with process, or whether they are proceeded against as absentees; and a short affidavit, not exceeding two or three folios, may be allowed on taxation, if it is actually made and used.

Copies of the opinion of the court, furnished to the master on a reference, are not taxable.

The solicitor is entitled to charge for a notice of the taxation of his costs, in addition to the specific allowance, in the fee bill, for a copy of the bill of costs to be delivered to the adverse party with such notice.

If the taxing officer, on the taxation of a bill of costs, has doubts as to the correctness of a charge, he should reject it.

The taxation of items for services not performed by the solicitor, or where the number of folios are overcharged, will not protect him from the penalty prescribed by the statute for unlawfully demanding or receiving fees for such services.

THIS was an application, on the part of the defendant H. Rogers, to set aside the execution issued in this suit for irregularity, or to stay the proceedings thereon; and for a retaxation of the costs. Both parties were dissatisfied with the taxation, and a conditional arrangement was entered into to bring the several questions before the court. This arrangement however was not carried into effect. And the complainant's solicitor after waiting some time, and receiving no notice of an intention on the part of the defendant to appeal from the decision of the master, finally concluded to submit to the taxation himself as it stood. He procured the decree to be enrolled, and issued his execution. The decree directed H. Rogers to pay into court the amount reported due, within thirty days after notice of the confirmation of the report, or that the complainants have execution for the amount. He paid in the amount, but gave no notice thereof to the complainants' solicitor. This fact being unknown to the solicitor, and having been inadvertently overlooked by the register, the execution was taken out for the amount reported due as well as the costs, and was placed in the hands of the sheriff. As soon as the complainant's solicitor discovered the money had been paid in, he gave directions to the sheriff to deduct that amount from the execution, and sent notice thereof to the defendants' solicitor. In the mean time the latter had applied to the chancellor, and obtained an order to stay the proceedings on the execution, and also an order to show cause, &c. with a view to a retaxation of the costs, and to have the execution set aside or corrected.

*L. Waite & S. Stevens*, for the complainants.

*J. Lansing*, for H. Rogers.

THE CHANCELLOR. Under the decree of September, 1828, it would have been proper for the defendant H. Rogers to have given notice to the complainants' solicitor that the money was paid into court. The money having been actually paid, however, before the execution issued, and being deposited in the office where the decree was enrolled, if it had not been overlooked by the register, he would not have included that amount in the execution. Both parties appear to have acted

1831.

Rogers
v.
Rogers.

under a mistake or misapprehension; and no order is now necessary as to the money paid into court, and neither party ought to be charged with the costs in relation to that part of the application.

With the exception of one or two items, which I shall hereafter notice, the defendants' solicitor seems to have objected before the taxing officer in the proper form, so as to call the attention of the officer, and of the solicitor for the complainants, to the specific objections which are now made to the several items complained of as improperly taxed. As to most of those items, the affidavits and evidence produced before the master were sufficient, on the part of the complainants, to establish the fact that the services had been performed, and that the number of folios were correctly charged. As the pleadings were produced on the taxation, if the complainants' solicitor had made a mistake in his affidavit as to the number of folios, the defendants' solicitor had the means of correcting such mistake on the spot. Without an affidavit or some other evidence of mistake, this court will now take it for granted that the number of folios was right, and will not take upon itself the labor of counting these voluminous pleadings. The questions were fairly raised before the master, as to the legality of particular items, and the propriety of their allowance, under circumstances which were undisputed, and if he has erred in the taxation, this court must correct his decision.

The first objection is, that the complainant's solicitor was not entitled to a retaining fee, inasmuch as he signed the bill both as solicitor and counsel and a retaining fee for counsel is allowed. The affidavit showed that three counsel at least, other than the solicitor, were employed in the progress of the cause; and two of them were retained generally as counsel. Retaining fees, both for solicitor and counsel, were therefore properly taxed, although the solicitor on record alone signed the bill as counsel. The objection to the charges for instructions to the clerks of the supreme court and to the clerk of the county to search for judgments, appears to have been well taken. In those cases where by the practice of the court it is necessary to make judgment creditors parties, as in bills of foreclosure, the charge is proper if the

service was actually performed. But in this case there was, prima facie, no necessity of searching for judgment creditors of the defendant; and the taxing officer should not have taxed those items without some further evidence to show why such instructions were necessary. Where the object is merely to get an exemplification of a record, to be used as evidence or otherwise, the charge for instructions to search cannot be allowed. The objection as to the number of folios in the bill and other pleadings was made before the taxing officer; but as the pleadings were produced before him, as well as the affidavit of the complainants' solicitor, I shall presume they were correctly taxed. (*Lyon* v. *Wilkes*, 1 Cowen's R. 591.) There is no affidavit that any mistake was made by the taxing officer in this respect, except as to the original bill. I shall, therefore, not take the trouble of counting the folios in all of these voluminous pleadings to ascertain whether the taxation is right as to the rest. I have examined the original bill, and find it has in fact been taxed at about ten folios too much. That item, including the draft, engrossment, abbreviation and copies of the bill, must be reduced; and the solicitor for the defendant, on the retaxation, may also be permitted to show to the taxing officer that a similar mistake has occurred as to any other pleading or proceeding. Under the fee bill of 1818, those parts of the will which are copied verbatim, must be rejected in allowing for the draft of the bill. (And see 2 R. S. 651, § 13.)

The subpœna issued upon the original bill could not have exceeded two folios. That upon the supplemental bill, which contained so many parties, probably amounted to more at the rate of 90 words to the folio as the law then stood. But the complainants could only be allowed for one draft thereof. (*Jackson* v. *Mather*, 2 Cowen's R. 584. 2 R. S. 651, § 12.) The copy of the subpœna to annex to the affidavit of service was unnecessary and is not taxable. The original subpœna might have been annexed; or, the two folios allowed for the affidavit would have been sufficient to have described the process served, without any annexation whatever. The subpœnas for witnesses probably amounted to three folios. The allowance settled by the supreme court, under

1831.

Rogers
v.
Rogers.

the present fee bill, is three folios for the draft and engrossment of the original subpœna, and two for the draft and copies of the tickets.   As the number of words in a folio are now the same in both courts, that must be considered the proper allowance here.   By the fee bill of 1813, (2 R. L. 20,) twelve and a half cents were allowed for subpœnaing a witness in this court as well as in all others.   The same allowance is contained in the revised statutes, in the bill of attornies' fees in the supreme court.   But I beleive, through mere inadvertence, no provision is now contained in any statute, prescribing the allowance for serving a subpœna upon a witness in this court and perhaps in some other courts. The former allowance must therefore be continued here until the legislature shall otherwise direct.

Under the fee bill of 1818 a precipe or written request to the register to enter a common order was allowed.   But the revised statues having abolished all precipes, no charge of this kind, or which is in the nature of an allowance for a precipe, can now be taxed.   The only charge to which the solicitor is entitled is fifty cents for attending the register to enter the order.   I do not perceive however that the master has allowed for any such written request made since the revised statutes went into operation.   Interrogatories were necessary and proper, at the time the parties commenced taking their testimony in this case; and the copy annexed to the testimony was to be filed therewith.   The master has therefore properly allowed for the engrossment of that copy.   The other copies allowed for on taxation, also appear to have been proper charges at that time.   The same allowances are still proper under the present fee bill where interrogatories are annexed to a commission, as directed by the 72d rule. But the charge for notice that the copy delivered was a copy of the interrogatories, was improperly allowed; and all similar charges must be rejected.   When a party serves a copy of a bill, answer, order, interrogatories or other proceeding, and which on its face purports to be a copy of such pleading or proceeding, it cannot be necessary to give notice to the solicitor on whom it is served that it is what it purports to be.   It is irregular to serve a paper purporting to be a copy of the bill or answer in a cause, if the

1831.

Rogers
v.
Rogers.

original has not been actually filed ; or to serve a copy of an order which has never been made. All notices which were not required by the practice of the court, should have been rejected by the taxing officer, as useless and unnecessary services.

The affidavit of the service of the notice of order to answer appears to have been necessary and proper, as it formed the evidence on which to found an order to take the bill as confessed. If the affidavit was actually made, it was properly allowed in the taxation, although its use was afterwards rendered unnecessary by the putting in of the answer. But the affidavit of service of notice of the examination of a witness is not usually made, or needed. The charge for this affidavit therefore ought not to have been allowed without some evidence to explain how it became necessary to make and use such an ffidavit, which could only be wanted on some special application to the court. If several witnesses were to be examined at the same time and place, only one notice of examination, embracing the names and additions of all those witnesses, should have been taxed. A separate notice of the examination of each witness will never be given in such a case, except for the mere purpose of swelling a bill of costs. The notices of the examination of the several witnesses, for the examiner, are not required by the practice of the court, and should have been disallowed.

The affidavits appear to establish the fact of the attendance of the witnesses, as taxed by the master. The claim for a further allowance for travel in coming before the examiner and returning, if the distance was less than fifteen miles in travelling both ways, was properly rejected. Such an allowance ought not to be made, unless there is evidence that the witness was required to attend so early, or was detained so late, that he could not come or return, within the usual hours of travelling, on the day of his examination. If the whole distance both ways is over fifteen miles and under thirty, one day should be allowed for travel ; and if over fifteen miles each way, the witness should be allowed one day to come and one to return, independent of the time he is detained for examination. Where travel is claimed, the affida-

vit should show the probable distance travelled by each wit-ness. (*Shufelt* v. *Rowley*, 4 Cowen's R. 58.) The charges for expenses paid to the witnesses, beyond the amount of the per diem allowance, were properly rejected. They were not taxable against the adverse party.

Those depositions which were taken on and before the 24th of April, 1823, were properly charged at 25 cents for the drafts. On that day the allowance for drawing depositions was reduced to 20 cents. Those taken subsequently can only be taxed at the latter rate ; and the engrossment of all must be taxed at twelve cents only. Although the depositions were drawn and engrossed by the solicitors, for the sake of convenience, that will not authorize them to tax at a higher rate than if the service had been performed by the proper officer of the court. The copy for the adverse party was properly allowed, under the stipulation ; as he would have been obliged to pay the examiner for a like copy, and at the same rate. The allowance of twelve and a half cents for swearing each witness was rightfully substituted by the taxing officer, instead of the gross sum paid to the examiner for his travelling expenses, &c. in performing that service. Although the manner in which the testimony was taken in this case may have saved some expense to the parties, it would be a dangerous innovation to permit the taxing offi-cer, upon such a suggestion, to depart from the allowances as fixed by the fee bill. The charges for serving the copy of the depositions, and for the notice of its being a copy, should have been wholly disallowed. There is no allowance in the fee bill for serving a paper of that description ; and the notice was unnecessary for the reason before stated.

In the case of *Decaters* v. *La Farge*, at the last may term (a) this court decided that copies of the pleadings, depositions, &c. for the use of counsel were not taxable under the fee bill of 1818, nor under the fee bill in the revised statutes. The abbreviation is all that is necessary ; especially where the soli-citor is allowed one copy in addition to the draft for his own use. He can loan that copy to his counsel if it should be desired

(a) *Ante, p,* 411.

by the latter to examine the pleadings more at length. The complainants were obliged to furnish copies of all the pleadings and depositions, at the August term, 1828 ; as the rule of the 23d of June did not go into effect until the end of that term. The charge for those copies is therefore correct, with the exception of the mistake as to the number of folios. But the master has inadvertantly again allowed for abbreviating the supplemental bill at that term for the use of counsel, although the abbreviation had before been allowed. The charge for an abbreviation of the report was improper, as no such allowance is contained in the fee bill.

The question whether it was not necessary to make all the heirs of Thomas Rogers and of T. Rogers, junior, parties to this suit appears to be a very plain one. And if Rogers had made the objection in his answer, instead of raising it for the first time at the hearing, the complainants would have been charged with all the extra expense which was produced by their neglect to amend their bill, so as to bring the proper parties before the court, in an earlier stage of the cause. (*Mitchell* v. *Bailey*, 3 Mad. R. 61. Jac. R. 163.) Both parties were probably equally in fault on this subject, as the facts were equally in the knowledge of both. For this reason I have some doubts whether each should not have been compelled to bear his own share of the unnecessary expense, which has arisen in consequence of not sooner correcting this mistake, and of not making the objection the first opportunity. But as Chancellor Sanford made no disposition of those costs when he ordered the supplemental bill to be filed, and my attention was not called to this subject at the time of making the decree of September, 1828, I am inclined to think the complainant's share of them must be allowed against the defendant, under the terms of that decree. As the greatest part of the supplemental bill, however, is a mere copy of the original bill, and of the answer of H. Rogers thereto, the solicitor for the complainants must not be allowed for the draft of that part, nor for the second abbreviation thereof for the use of counsel. The costs of opposing the motion made by the defendant, in which the opposition was successful, are properly taxable

1831.

Rogers
v
Rogers

as costs in the cause; nothing being said as to those costs in the order.  (1 Sim. & Stu. 357.)

The precipe or written request to enter the order to answer, previous to July, 1824, was not taxable even under the old fee bill; as it was at that time a special order, made by the court. Those charges should therefore have been disallowed. The double charges for notice to the clerk to set down the cause, and for notice of the issue, &c. must be corrected as often as it occurs, according to the decision in *Doe* v. *Green.* (a) The charge for two counsel attending prepared for the argument of the cause at a term when it was not reached on the calendar, is not provided for in the statute. In this respect there is a marked difference in the language of the last item of allowance for counsellors' fees in this court, and that which is used in the corresponding provision as to counsellors' fees in the supreme court. The same difference is found in the revised laws of 1813. This difference could not have been the result of accident; especially as the legislature in the last revision, intentionally altered another item in the fees of counsel in this court, on the recommendation of the revisers, which clearly shows that they intended to allow a counsel fee for attending prepared for argument in the one case but not in the other. I believe the uniform construction of the fee bill, by my predecessors, has been to disallow the charge for attending prepared to argue the cause, if the same was not in fact reached on the calendar. However equitable the allowance may be where the counsel attend in good faith supposing the cause will be reached, this charge must continue to be disallowed on taxation until the legislature shall interfere and change the law.

Two charges for postage, in the whole amounting to nearly $28, are taxed in gross, without any specification of the items. The statute, (2 R. S. 653, § 7,) provides that disbursements shall not be allowed without an affidavit specifying the items thereof particularly. Under this provision, every item, for postage or other disbursements, should be stated particularly in the bill of costs or in the affidavit; spe-

(a) Ante p. 347.

1831.

Rogers
v.
Rogers.

cifying briefly the occasion and circumstances of the expend-
iture : as, "Postage on letter to register enclosing bill to be filed,
$0,50 ; Postage on letter directing the enrolment of decree,"
$0,25, &c. ; so as to enable the taxing officer to judge of the ne-
cessity and reasonableness of each item of the disbursement.
This specific objection does not appear to have been made
before the taxing officer, or it would probably have been ob-
viated, as there was a general affidavit as to the correctness
of the charge. But it is the duty of the officer to see that
this and other similar directions of the statute are complied
with, whether the taxation be opposed or not. The taxation
must be reviewed as to these charges ; but the complainants
are to be permitted to furnish to the master, on the retaxa-
tion, a bill of the items of postage, with a new affidavit as to
its correctness.

The charges for attending the master to obtain his signature
to summonses, and to procure his report after it was com-
pleted, are not found in the fee bill, and must be disallowed.
The item in the fee bill for " attending a master upon any
matter referred to him not herein otherwise provided for,"&c.
will be understood by referring to a similar allowance in the
act of 1818, and to Chancellor Kent's remarks thereon, in his
report to the legislature. (Blake's Prac. 1st ed. app. 122.) It
was meant to provide a general allowance for attending on
references to the master in all cases, except references to take
and state accounts and to tax costs, which are otherwise
provided for in the fee bill. Under a different item in the fee
bill, the solicitor is entitled to 50 cents for attending before
the master, to settle the draft of the report, when summoned
for that purpose, and on other occasions of that kind. But he
is not allowed for attending before the master merely to get his
signature to a summons for the adverse party, or to obtain the
report after it has been completed. The allowance for draw-
ing charges, at the time the services contained in this bill of
costs were rendered, was 20 cents instead of 25 cents, as allow-
ed on taxation here. The engrossment is also improperly
taxed. The allowance for engrossed copies to file is only for
such copies as are directly or ultimately to be filed in the regis-

ter's or clerk's office. It does not extend to those which are merely brought into the master's office for the purposes of the reference. These are to be taxed at the usual rate allowed for ordinary copies. The same remarks are applicable to the copy of objections to the draft of the master's report, which was also improperly taxed as an engrossed copy to file. The charge for the draft of a release prepared for one of the defendants to sign, to save the expense of making him a party to the suit, appears to be proper. The proceedings to obtain special directions to the master, and to carry into effect the decree of September, 1828, were necessary, and were properly taxable as costs in the cause.

The complainants claim several items which they allege were erroneously stricken out on taxation; and they ask for an allowance of those items, if a retaxation is directed. In ordinary cases, if either party is dissatisfied with the decision of the taxing officer, as to any particular items of the bill of costs, it is the duty of such party to bring those questions directly before the court, by an application on his part, although the adverse party applies for a retaxation as to other items. On the other hand, the court does not usually examine or direct a retaxation as to any items in the bill where the decision has been against the party appealing, unless the objections to the decision of the taxing officer, either as to the particular items or as to some general principle in which they are embraced, are distinctly referred to in the petition or other papers upon which the application for retaxation is founded. But under the circumstances of this case, where the delay of the defendant to appeal until after the issuing of the execution prevents a direct application from being made on the part of the complainants, I think it right to look into their objections at this time, and to direct the master to review his taxation as to those items also, if any of them have been improperly rejected. Although the reasons for the delay on the part of the defendant are sufficiently explained, that delay must not be permitted to prejudice the other party. Some of the items claimed, I have already noticed.

The charge for instructions to the surrogate was properly rejected. It is somewhat doubtful whether even the exem-

plification of the will from the surrogate's office could have been necessary after it had been set out at full length in the answer of H. Rogers to the original bill. It may, however, have been procured before that time, though charged afterwards. The original subpœna was obtained from the clerk, previous to the act abolishing the office of clerk in chancery at Albany; and no orders for the issuing of subpœnas were ever entered in his office. They are now entered under the general order of January 9th, 1830. The manner of serving the subpœna on a defendant is prescribed by one of the standing rules of the court; and the charges for instructions as to the manner of serving it, and for disbursements, beyond the allowance fixed by the fee bill, were properly rejected by the taxing officer. Several items now claimed by the complainants were properly stricken out of the bill, on the ground that they were charged a second time. Others were properly rejected as not taxable, under the decision in *Doe* v. *Green*, before referred to, and other recent decisions, which it is not necessary now to refer to particularly.

Several charges for the solicitor's fees on special motions and petitions were rejected by the taxing officer; I presume, upon the ground that the solicitor did not attend in person, or that he also acted as counsel in the cause on the same application. This does not appear to be one of those cases where a personal attendance of the solicitor is necessary to entitle him to make the charge. The service is generally performed by his agent. But if the solicitor was himself the counsel and has been allowed fees in that character for his services on the application, he cannot be allowed fees for attending also as solicitor on the same application. (2 R. S. 651, § 8.) The allowance to the solicitor for attending on the hearing of the cause is placed on a different footing, by the fee bill. And it is perfectly evident, as well from the wording of the law as from the note of Chancellor Kent, who framed this provision and incorporated it into the fee bill of 1818, that it was never intended to grant the allowance for a mere constructive attendance. To entitle the party to make that charge, there must be an actual attendance in person, on the

argument, by the solicitor on record. The employment of another solicitor to attend as his proxy in this case was not a sufficient compliance with the provision of the statute to justify the allowance of those items on the taxation.

The affidavit of the solicitor, exhibited to the master, shows that the services of perusing, amending and signing the pleading, interrogatories, exceptions, &c., were actually performed. It also appears that several counsel were employed in the progress of the cause. But these proceedings are only signed by the solicitor on record, who was also a counsellor; and the affidavit does not state that those services were in fact performed by any other person. This affidavit may therefore be true, and yet the real fact may be that none of the other counsel in the cause ever perused the drafts, or examined the pleadings, until after they were engrossed and filed. Where the name of the solicitor alone appears as counsel on the engrossed pleadings, it requires strong evidence to establish the fact that other counsel examined and signed the drafts. If such was the case here the affidavit should have been direct and positive. The master was therefore right in disallowing these charges. Had the original bill, as drawn by the solicitor, been carefully examined by the other counsel in the cause, they might have suggested the necessity of making all the heirs parties thereto; and thus have saved the extra expense of the supplemental proceedings. Solicitors, who are many of them only junior counsel, are not aware of the importance of submitting the draft of their pleadings, and particularly of the original bill, to the scrutinizing examination of the senior counsel in the first instance. The services of such counsel in contested cases are frequently of more importance to the client in framing the bill or in preparing the answer, than upon the final argument of the cause before the court. And I am every day compelled to regret that the preparation of the pleadings in litigated causes in chancery, and the signature of counsel thereto, are by too many considered as merely matters of form. A very considerable proportion of the actual expense of litigation in this court, is unnecessarily produced by the neglect of the solicitor to con-

sult with the counsel in the cause, at an early period, as to the framing of the bill, and as to the necessary parties to the suit.

The charge for perusing and settling a decree cannot be allowed on settling a mere decretal order. It is confined to a final decree in the cause. The charge for settling the final decree was allowed by the master, and all the others were properly rejected. The charges for solicitor's fees for attending the chancellor to settle orders and decrees were not taxable. No provision for such services is contained in the fee bill. It is neither an attendance on petition or special motion. The solicitor is allowed for attending the register to settle the decree according to the decision of the court. If the register has any difficulty in settling it, he submits the draft and objections to the decision of the chancellor. (*For the origin of this practice see North's Life of Lord Keeper Guilford,* 202.) If the solicitors, for their own convenience, submit the question directly to the chancellor, as they frequently do, no additional charge should be made.

An affidavit of regularity, containing ten folios, was unnecessary. The rule which requires an affidavit to be produced on the hearing, confines it to mortgage bills which are taken as confessed. But it may also be proper in other cases, where the bill is taken as confessed as to any of the defendants, to produce a short affidavit, or the certificate of the register, on the hearing, stating in general terms that the bill has been regularly taken as confessed against those parties, and specifying whether it was done after an appearance, or upon personal service of the subpœna, or on a proceeding against the defendants as absentees. In no ordinary case, however, can it be necessary that the affidavit should exceed two or three folios. To that extent it may be allowed in this case, as it was actually made and used.

The copies of the opinion of the court, for the master on the reference, were not taxable. The decree or order of reference contains the directions which are to govern the master in taking the account. The decree contained no directions to the defendant, H. Rogers, to execute a release. An allowance, therefore, for preparing such release, could not be taxed in anticipation that it would be wanted. In the

case of *Burling* v. *Coggshall*, in September, 1830, on appeal from the decision of the vice chancellor of the first circuit, it was settled that the solicitor was entitled to charge for the notice of taxation, in addition to the allowance for a copy of the bill of costs to be delivered to the adverse party with such notice. The intention of the revisers in changing the phraseology of the last item of the fees allowed to solicitors, was to define with more precision the object of the delivery of the copy of the bill of costs before taxation ; not to reduce the amount, nor to deprive the solicitor of the allowance for notice of the taxation of such bill, to which he was entitled under the act of 1818. This item for notice of taxation must therefore be allowed.

The bill of costs in this case must be retaxed by the taxing master of the fourth circuit, on the principles here stated ; and without costs to either party. The items not objected to or claimed on this application, and those as to which nothing is said in this opinion and which are not embraced in the principles here laid down, are to remain as previously taxed. The proceedings on the execution must be stayed until eight days after the retaxation is completed. At which time, upon producing to the sheriff the certificate of the master stating the amount at which the costs are taxed, he is to proceed and collect the amount on the execution, if the same is not sooner paid to him by the defendant.

It is to be regretted that appeals from the taxing officers in relation to questions of costs should be so frequently made to this court. These contests are calculated to injure the profession in the eyes of the community, and to bring its members into disrepute. The legislature have provided a fair and liberal fee bill for the practitioners in this court ; and they should be satisfied with charging for such services as are clearly within its provisions. But if so much of the time of the court is to be consumed in these constant struggles to get compensation for fictitious services, or to obtain allowances of a doubtful character, the legislature will be compelled to interfere and to change the mode of compensating for professional services. The correct rule for fair practitioners is to make no charge but for services actually and necessarily performed, and which some clearly with-

in the provisions of the statute. And the proper rule to be observed by the taxing officer is to reject a charge if he has doubts as to its correctness. Even the taxation of an item will not protect the solicitor from an action for treble damages, if he charges and obtains payment for services which were not actually performed; or if he receives compensation for a greater number of folios than were contained in the proceedings which were drawn, engrossed, or copied by him. ( 2 R. S. 650.)

These remarks are not made in reference to the bill of costs in this particular case, but to call the attention of the bar to the subject, as one in which they all have a deep interest; and in which the character and welfare of the members of this most honorable and useful profession is, in some measure, involved.