## SUPREME COURT

HINDS AND OTHERS agt. THE SCHENECTADY COUNTY MUTUAL INSURANCE COMPANY.

### COSTS.

*Now as before the Code, the travel fees of a witness, residing out of the state, must be estimated by the number of miles he travels from the boundary line of the state to the court.*

*Albany Special Term*, 1852. *Motion for readjustment of costs.* The cause was tried at the Schoharie circuit, and, after the trial, the plaintiffs recovered a verdict. Upon the taxation of costs the plaintiffs claimed and were allowed for the travel of a witness from Somerville, in the state of Wisconsin, 1744 miles.

J. C. RAMSAY, *for Plaintiffs.*

P. POTTER, *for Defendants.*

HARRIS, Justice.—Under the fee bill of the Revised Statutes, when a witness came from another state, his traveling fees were estimated from the boundary line of the state, where he passed in coming to the place of trial (2 *R. S.* 642, § 33). The fee bill of 1840 changed the rate of compensation for traveling, and omits the clause in the former act requiring the fees to be estimated from the boundary line of the state. It is argued by the plaintiff's counsel, that this omission is evidence of legislative intention to change the rule. It is insisted that, in as much as by the present law a witness is entitled to four cents per mile going and returning, without restriction or qualification, the pro-

Hinds and others agt. Mutual Insurance Co.

vision embraces travel out of the state as well as within. But I can not assent to this construction. I can not suppose that it was ever intended that the prevailing party in any suit, however important, should have the power of charging his adversary with the traveling fees of a witness brought from any part of the world, however remote.

Nichols vs. Doty (3 *Cow.* 352), has been referred to as an authority sustaining the charge. The only question in that case, as the report states, was whether a witness attending from another state should be allowed fees at the rate of 25 or 50 cents per day. It was held, and very properly, that he was to be regarded as a witness attending from a foreign county, and of course entitled to 50 cents a day.

In Howland vs. Lenox (4 *John.* 311), it was held, under the same fee bill, that where witnesses are brought from another state, their compensation is to be estimated by the distance between the place of trial and the boundary line of the state. The object of the legislature, it was well said by Mr. Justice GRIDLEY, in Clark agt. Staring (4 *How. Pr. R.* 243), was, to compensate a witness for traveling to and from the court which he was obliged, by the process of the court, to attend. The law should be construed with reference to this object, and a witness only allowed compensation for travel while within the jurisdiction of the. court.

This motion must, therefore, be granted. The clerk, upon the readjustment, must disallow all fees for traveling out of this state. Neither party is to have costs upon this motion.