# SUPREME COURT.

## DAVID MOULTON agt. INGHAM TOWNSEND.

Two of the plaintiff's witnesses, residents of the state of Iowa, came to Oneida county New-York, to attend the Oneida circuit, to be held on the 20th of October. The circuit, by a previous public notice, (but not in time to inform the witnesses of the fact,) adjourned on that day without doing any business, to the 10th of November following. On the 10th of November, these two witnesses, and also two other witnesses for plaintiff, residents of Floyd, Oneida county, attended the circuit, when the cause was set down for trial on the 17th of November. On the 17th, the four witnesses again attended and remained in attendance on the 17th, 18th and 19th, and on the 19th of November the circuit was adjourned to the 24th of November, and the witnesses returned to their places of residence in Oneida county, and again on the 24th of November the four witnesses attended the circuit, when the cause was tried.

*Held,* that the two witnesses from Iowa were entitled to witnesses' fees as follows : One *travelling fee* for each from the state line and back: to each, one day's constructive *attendance* on the 20th of October: and a *per diem* allowance for the whole period between the 10th and the 24th of November, deducting the days when the court was not actually in session.

To each of the Oneida county witnesses his *traveling fees* going from Floyd to Rome, (where the court was held,) and returning, three times: and their *per diem* allowance for attendance on the 10th, 17th, 18th, 19th and 24th of November.

*Oneida Special Term, February,* 1857.

THE plaintiff had a verdict at the Oneida circuit in November, 1856, and upon the taxation of his costs, the following facts appeared. The circuit was appointed to be held on the 20th of October, 1856, on which day, the presiding judge, without trying any causes, adjourned the circuit till the 10th of November, 1856. Public notice of the adjournment had been previously given. This cause was noticed by the plaintiff, and put upon the calendar for the circuit in October, and before he learned that the circuit was to be adjourned, the plaintiffs had requested one Pease and his wife, to come to this state from their residence in Iowa, for the purpose of testifying as witnesses on the trial; and he learned of the intended adjourn-

Moulton agt. Townsend.

ment at too late a period to prevent their attendance in October. They accordingly reached their former residence in the town of Floyd, in season to attend on the 20th of October, and at the request of the plaintiff, remained at Floyd from that time to the 10th of November. On the 10th of November, Pease and his wife, with two witnesses named Robbins and Carrier, residents of the town of Floyd, attended the circuit at Rome, when this cause was by consent of counsel on both sides, set down for trial on the 17th of November, and all the witnesses returned to Floyd. On the 17th, Pease, his wife, Robbins and Carrier, again went from Floyd to Rome, and remained in attendance on the 17th, 18th and 19th, during which time the court was engaged in the trial of another cause. On the 19th of November, the circuit was adjourned to the 24th, and the witnesses returned to Floyd, and again attended at Rome on the 24th, when the cause was tried.

The plaintiff's counsel claimed that Pease and his wife were to be regarded as constructively in attendance upon the court from the 20th of October to the 24th of November, and that he was entitled to tax their per diem allowance for all that period, in addition to their travelling fees from the state line and back; or if this could not be allowed them, that they were to be considered as having returned home on the 20th of October, and come again to this state on the 10th of November, so that double travelling fees should be allowed them.

He also claimed that Robbins and Carrier were entitled to full travelling fees on each of the three occasions, when they went from Floyd to Rome and back, or if this charge was not allowed, that they were entitled to a per diem allowance for the whole period between the 10th and the 24th of November. Also, that in case neither of the claims for fees made in behalf of Mr. and Mrs. Pease was allowed, they were entitled to the same compensation as claimed for Robbins and Carrier.

The clerk, upon the objection of the defendant's counsel, disallowed all the charges for witnesses' fees, except one travelling fee for each of the witnesses Pease and his wife, from the state line and back; also one travelling fee for each of the wit-

nesses Robbins and Carrier, from Floyd to Rome and back; and per diem allowance for attendance of each of the witnesses on the 10th, 17th, 18th, 19th and 24th of November.

The plaintiff moved for a retaxation, with instructions to the clerk to tax the fees as claimed by him.

M. H. THROOP, *for plaintiff.*
C. H. DOOLITTLE, *for defendant.*

BACON, Justice—Ordered a retaxation with the following directions to the clerk:

1st. The clerk's decision respecting the witnesses Pease and wife, was affirmed, except that he was directed to allow to them for one day's constructive attendance on the 20th of October, and a per diem allowance for the whole period between the 10th and the 24th of November, deducting the days when the court was not actually in session.

2d. To allow to each of the witnesses Robbins and Carrier, his travelling fees for going from Floyd to Rome, and returning three times, and their per diem allowance as the clerk had taxed it.