THE TOWN OF PIERREPONT, RESPONDENT, *v.* WILLIAM D. LOVELASS AND OTHERS, APPELLANTS.

*Service of subpœnas — expense of, cannot be included in costs.*

The expenses incurred by a party in serving subpœnas upon witnesses, cannot be allowed by the clerk as a necessary disbursement, under section 311 of the Code.

APPEAL from an order made at the Special Term, denying a motion of defendant for a retaxation of costs, and for the striking therefrom the sum of $55.66, charged and allowed the plaintiff for serving subpœnas upon witnesses.

*Parker & McIntyre*, for the appellants.

*Sawyer & Russell*, for the respondent.

BOARDMAN, J.:

The clerk was wrong in allowing the plaintiff the expenses incurred in serving subpœnas upon witnesses. The necessary disbursements, under section 311 of the Code, are not intended to cover ordinary disbursements of the parties to suits, but only such as are incident to the regular proceedings in the action. (*Case* v. *Price*, 17 How., 348.) It has been held that the "fees allowed by law" are those, only, given by 2 Revised Statutes, 634, etc. (*Dewitt* v. *Swift*, 3 How., 280; 6 Leg. Obs., 314; *Moore* v. *Cockroft*, 9 How., 479), or the Code. No allowance was given by the Revised Statutes for such services (*Rogers* v. *Rogers*, 2 Paige, 460, 464), nor does the Code make any such specific allowance. But, by section 303, certain allowances are authorized "by way of indemnity for the expenses in the action."

I think the practice of the profession is hostile to such an allowance. I find no authority for it. On the contrary, there is a uniform current of opinions recognizing such charges as improper. (*Burnett* v. *Westfall*, 15 How., 430, where the point is directly decided at Special Term; *Wheeler* v. *Lozee*, 12 id., 446, where it is inferentially decided; Voorhies' Code, 1864, p.615; 3 Wait's Pr., 504; Wait's Code., 622; 2 Whittaker Pr., 948; Howard's Code, 518; 2 N. Y. Pr. [Tif. & Sm.], 436; 2 Til. & Shearm. Pr., 630.)

In hostility to this view, I do not find a single case or text writer since the Code. Tillinghast and Shearman (*supra*), while recognizing the law as stated, think it wrong, and that at least twelve and one-half cents should be allowed for each witness subpoenaed, in analogy to the old chancery practice, citing 2 Paige, 458, and 6 Paige, 170.

The court has power, by extra allowances in proper cases, to reimburse a party to some extent for extraordinary expenditures. *Full* indemnity is not contemplated, nor are the allowances of costs fixed by the Code upon any such idea.

I think it better to rely upon the power undoubtedly possessed by the courts, than to adopt a rule which might, and in many cases would, lead to intolerable consequences. The process of subpoenaing witnesses falls naturally into the hands of the party, or his agents and servants. Not infrequently the same persons who serve the process, ascertain and decide whether the witness is necessary or not. Nor is there any principle upon which banks, railroads, insurance companies, or other corporations, should be an exception to the rule. If allowed at all, it would be as compensation of time and labor. An individual is as well entitled to such compensation as an officer or the agent of the corporation.

I think the order of the Special Term should be reversed, with ten dollars costs and printing fees, and that the motion for readjustment, and for striking out as herein stated, should be granted.

Present — LEARNED, P. J., and BOARDMAN, J.

Ordered accordingly.