Jackson, Circuit Judge.
This cause is now before the court on motion or appeal to correct the taxation of costs made herein against respondent. The question presented relates to the proper taxation of witness fees in favor of libelants, and arises upon the following stipulated facts, viz.:
“(1) That the case occupied two days in its trial. (2) That all of the time taxed by the libelants for their witness fees, over and above the two days occupied in the trial of the case, was the time used by such witnesses in traveling to and from the trial of the cause, excepting that some of the witnesses, at the request of libelants’ proctor, arrived one day before the trial of the cause, for the purpose of conferring with libelants’ proctor in regard to the case. (3) That all of said witnesses, excepting Thomas L. Pringle, were actually paid the amounts stated in the bill of costs. (4) That the affidavit attached to the bill of costs, in which it is stated that the witnesses attended the number of days therein stated, refers to the time used by the said witnesses, as above stated, and not that they were in the court for that number of days.”
It is conceded that the taxation of costs is correct, if libelants’ witnesses are entitled to fees while coming to and returning from the trial, but that, if their fees are to be determined by the time they were in attendance upon the court or trial, then the taxation in libelants’ favor is too much, by the sum of $25. The statute provides that the witnesses shall receive for each day’s attendance in court, pursuant to law, $1.50, and 5 cents a mile for coming from his place of residence to the place of trial or hearing, and five cents a mile for returning. We think it clear, from the language of the statute and from the provisions for mileage, that witness fees cannot be properly taxed for the time or number of days occupied in coming to the place of trial and in returning. The mileage allowed is intended to cover that time.
It is equally clear that the time occupied by a witness in conference with counsel or proctor before the day fixed for trial or his attendance cannot be taxed as a “day’s attendance in court.” Witnesses, un *510 der the statute, are not entitled to a per diem for the time occupied in traveling to and from the place of trial. The excess of the per diem taxed, amounting to the sum of $25, will accordingly he corrected. No direct adjudication on this question having heretofore been made in this circuit, it may be proper to state that the conclusion above reached is concurred in by Circuit Justice Brown and Associate Circuit Judge Taft, and is intended to prescribe the rule for the proper taxation of witness fees in such cases.