SMITH *v.* SMITH.

1. DIVORCE — EXTREME CRUELTY — PRACTICE — DEFENSES NOT PLEADED.
   Whether a divorce on the ground of extreme cruelty should be denied on a showing of acts of extreme cruelty on the part of the complainant not pleaded and wholly disconnected from the acts of defendant complained of, in view of section 8625, 3 Comp. Laws, quære.

2. SAME—EVIDENCE—SUFFICIENCY.
   On a bill by a husband for a divorce on the ground of extreme cruelty, evidence examined, and *held,* insufficient to support a decree for complainant.

ON MOTION TO RETAX COSTS.

COSTS—WITNESSES—PER DIEM—PERIODS OF ADJOURNMENT.
   Per diem for witnesses living at the place where the court is held should not be taxed for periods of adjournment.

Appeal from Muskegon; Russell, J. Submitted October 12, 1906. (Docket No. 74.) Decided December 21, 1906. Motion for retaxation of costs submitted February 19, 1907. Granted April 2, 1907.

Bill by William H. Smith against Isabelle E. Smith for a divorce. From a decree for complainant, defendant appeals. Reversed, and bill dismissed.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp,* for complainant.

*Stephen H. Clink (James C. McLaughlin,* of counsel), for defendant.

MONTGOMERY, J. The complainant filed a bill of complaint praying for a divorce. The bill contained the following averments:

"For upwards of two years immediately preceding the 1st day of January, 1904, the said defendant almost wholly

failed, neglected, and refused to perform the usual house·
hold duties which a housewife ought to perform. She
frequently refused to prepare meals for this complainant,
and at times secured her own meals at restaurants, and
left this complainant to shift for himself as best he could.
She also neglected and refused to look after the comfort
of this complainant, and, although this complainant was
seriously afflicted and sick with asthma, she compelled
him in the winter time to sleep in a cold and illy furnished
room with bare floors, while she herself occupied a warm
and well furnished room. She removed the rugs and
coverings off the floor in the bedroom of this complainant,
although she well knew that by sleeping in such an apart-
ment the disease of this complainant was aggravated and
made more severe. During such period of time she
frequently absented herself from their home whenever this
complainant came into the house and took their children
away with her and left this complainant alone and with-
out company.

"A few years ago this complainant purchased and im-
proved the premises thereafter occupied by them as a
homestead in said city of Muskegon, at an expense of
nearly $2,500, and then conveyed or caused the same to
be conveyed to said defendant. During a period of up-
wards of two years prior to the 1st day of January, 1904,
the said defendant frequently told this complainant that
said homestead belonged to her, and that he had no rights
there or therein, and that she wanted him to leave and
not return.

"On New Year's Day, 1904, after all the provisions for
a New Year's dinner had been supplied, without any
excuse whatever, said defendant absented herself from
home and refused to cook or prepare such dinner, and the
provisions remained uncooked and unprepared, and this
complainant was compelled to and did go elsewhere to
obtain his dinner."

The bill also averred that after the separation the de-
fendant refused to join in a deed of real estate which he
had theretofore sold on contract.

The answer denies the acts of cruelty charged, and also
sets up various acts of misconduct on complainant's part,
and asks the benefit of a cross-bill. Before entering upon
the taking of proofs the defendant withdrew so much of

the answer as constituted a cross-bill, and the case proceeded. At the conclusion of the testimony the court held that the evidence offered to show affirmatively that complainant had been guilty of misconduct was not in the then state of the pleadings open to consideration, and also held that complainant had made a case showing extreme cruelty, and granted a decree of divorce. Defendant appeals.

There is authority sustaining the holding of the circuit judge that testimony showing acts of cruelty or misconduct on the part of the complainant wholly disconnected with the acts of defendant complained of is not admissible. See *Warner* v. *Warner*, 31 N. J. Eq. 225. Whether this rule would obtain in this State, in view of our statute (3 Comp. Laws, § 8625), which provides that no divorce shall be decreed in any case where the party complaining is guilty of the same crime or misconduct charged against the respondent, we find it unnecessary to determine. It may be said, however, that a divorce cause is never concluded against the judge, and many courts have refused to grant a divorce where the testimony shows a defense not pleaded. See 7 Enc. Pl. & Prac. p. 88, and cases cited; 4 Enc. of Evidence, p. 777B, and case cited.

But, if the more stringent rule be accepted, we are still unable to agree with the circuit judge that a case was made out. It does sufficiently appear that the relations between the parties were strained before the time of the alleged neglect of defendant's household duties, but the record fails to show that this was through defendant's fault. The complaint that the defendant compelled the complainant to sleep in a cold bare room is wholly unfounded. It appears the stove had been taken down at housecleaning time, and, although there were three men folk at home, including complainant, had not been set up again. There was nothing to prevent complainant from setting the stove up. The defendant should not have been expected to.

As to the failure to get meals: The defendant had a business which she was conducting, a teachers' agency. At times complainant would arise so late that it was impossible for her to get his breakfast and get to her business. The failure to administer to his wants on such occasions can scarcely be called extreme cruelty. She was furnished no help, did the work of the household, and attended to the business in which she was engaged besides. As to the specific acts of cruelty charged, we do not think a preponderance of evidence is with complainant. On the contrary, we think the case of complainant is fairly met by reliable testimony.

The decree is reversed, and the bill dismisssd, with costs of both courts, and an allowance of expense money of $250.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.

### ON MOTION FOR RETAXATION OF COSTS.

PER CURIAM. Defendant appealed from a decree granting divorce to the complainant, and the bill was dismissed by this court, with costs.

We are now called upon to review the taxation of costs by the clerk; the questions to be considered having relation to items for witness fees and mileage, and for attendance of witnesses upon the circuit court. Testimony was taken upon the hearing of said cause upon the following dates: November 15th, 16th, and 20th; December 1st, 2d, 14th, and 16th. The cause was argued on December 16th. Adjournments were had as follows: From November 16th to November 20th; from November 20th to December 1st; from December 2d to December 14th. Per diem was taxed for the periods of adjournment; as high as 27 days being allowed for some of the witnesses, although they resided in the city of Muskegon where the court was held. This was erroneous.

146 MICH.—44.

We will discuss the other questions raised in connection with the respective claims:

Martha Elmore of Holton was allowed for 20 miles' travel and 22 days' attendance. It appears that she testified on November 20th, and was then by consent of counsel excused from further attendance. She remained in Muskegon, however, throughout the hearing, being required to do so by defendant, who testified that it was necessary. She first attended November 20th. There should have been allowed for her:

| | |
|---|---|
| Three trips, twenty miles each, sixty miles | $6 00 |
| Six days' attendance | 6 00 |
| Total | $12 00 |

Fidena McMichael, of Muskegon, should have been allowed for:

| | |
|---|---|
| Four trips of one mile each | $0 40 |
| Eight days | 8 00 |
| Total | $8 40 |

Clifford Smith lived in Plainwell. The defendant's affidavit shows that she procured his attendance from that place, and that he necessarily traveled 80 miles. The affidavit of the complainant shows that he did not attend as a witness until after November 30th and after his employment at Plainwell had ceased. This is not contradicted, and we think that his own testimony corroborates this. There should have been allowed for him:

| | |
|---|---|
| Eighty miles | $8 00 |
| Five days | 5 00 |
| Total | $13 00 |

Isabelle E. Smith: She is the defendant, and should be allowed:

| | |
|---|---|
| Mileage, four miles | $0 40 |
| Per diem, eight days | 8 00 |
| Total | $8 40 |

W. H. Smith, Jr.: Under the proof submitted we think that the item for this witness was correctly taxed. The witness was brought from Wyandotte, and if not retained would probably have been beyond defendant's reach. Moreover, it was as little expense to have him stay, as to pay expenses from Chicago.

Jane Seymour: There should have been allowed for this witness:

Mileage, three trips, forty miles _____ $12 00
Per diem, eleven days _____ 11 00

Total _____ $23 00

Alta Woodring: There should have been allowed for her:

Mileage, three trips, one mile _____ $0 30
Per diem, eight days _____ 8 00

Total _____ $8 30

Clyde Smith: It is claimed that the defendant should not be allowed anything for this witness, upon the ground that he was a minor son, 17 years old, living with her, and supported by his father. This is a disputed question. Under the proofs we do not feel justified in disallowing this item. It should be reduced, however, to:

Mileage, four trips, one mile _____ $0 40
Per diem, eight days _____ 8 00

Total _____ $8 40

The amount taxed will be reduced as indicated above. No costs of this proceeding will be allowed.