KATHLEEN R. TRITCHLER, Appellant, v. BUCK SMITH and Joseph N. Schlagel, Individually and as Copartners Doing Business Under the Firm Name and Style of Motor Service Garage, Respondents.

(220 N. W. 903.)

Opinion filed July 23, 1928.

*Divet, Shure, Murphy & Thorp,* for appellant.

*Conmy, Young & Burnett,* for respondents.

CHRISTIANSON, J.   This case was tried to a jury and resulted in a verdict in favor of the defendants.  In the judgment entered pursuant to the verdict costs were taxed in favor of the defendants.   The plaintiff objected to certain items of cost so taxed and moved the district court to review the taxation of costs.   The district court allowed all the items as taxed by the clerk and the plaintiff has appealed.

The sole item of costs involved on this appeal is the allowance of per diem to a certain witness who resides in Montana and traveled from that state to Fargo, North Dakota, where the case was tried. There is no controversy as to mileage; the sole question is whether such witness was entitled to a per diem fee for two days spent in traveling from the state line near Beach to Fargo, North Dakota, and from Fargo, North Dakota, back to the state line at Beach.   The district court allowed the witness per diem for the time occupied in such travel, namely, one day for each way of travel.

In our opinion the district court was in error in allowing the witness per diem for the time spent in travel.   Witness fees are creatures of statute, and a court may not allow fees in excess of those authorized by statute, nor may it deny fees which are so authorized.   27 Cal. Jur. 187; 40 Cyc. 2181, 2184.

The laws of this state relating to witness fees in civil actions are embodied in §§ 3535, 7877, 7881, Comp. Laws 1913, and read as follows:

"Sec. 3535.   Witnesses are entitled to receive for each day's attendance before the district court, or before any other court, board or tribunal, in all civil and criminal cases, the sum of two dollars, and for each mile actually traveled, one way, ten cents; provided, that in all criminal cases witnesses' fees on the part of the state shall be paid out of the county treasury of the proper county.

"Sec. 7877.   A witness may demand his traveling fees and fee for one day's attendance when the subpœna is served upon him and if the same is not paid the witness shall not be obliged to obey the subpœna. The fact of such demand and nonpayment shall be stated in the return.

"Sec. 7881.   At the commencement of each day after the first day a witness may demand his fees for that day's attendance in obedience to a subpœna and if the same are not paid he shall not be required to remain."

It will be noted that § 3535, supra, makes provision for two different forms of compensation to a witness, namely, per diem and mileage. Per diem is limited "to each day's attendance before the district court. . . ." In construing and applying this provision in Wilkins v. National F. Ins. Co. 48 N. D. 1295, 1305, 189 N. W. 317, this court said:

"Under the statute, § 3535, witnesses are entitled to a per diem stipend for each day's attendance before the district court. They are entitled to the statutory fee for each day they are actually in attendance before the court for the purpose of testifying in a particular case; not for purely fictitious attendance."

Sections 7877 and 7881 are incompatible with the idea that a witness is entitled to per diem for the time spent in traveling to and from the place of trial. Under these sections a person subpœnaed as a witness may, before attending court and during his attendance, require the payment of the compensation coming to him under the statute both for per diem and for mileage. Thus, under § 7877 the witness may demand in advance his traveling fees and the fee for one day's attendance; and under § 7881 he may, "at the commencement of each day after the first," demand his per diem, and if payment is not made he is released from any obligation to remain in attendance as a witness. If it had been the legislative intention that a witness should be entitled to per diem for the time spent in traveling, these sections would doubtless have made provision so that a witness might also make demand for payment of such per diem fees. While there is some apparent conflict in the authorities as to whether per diem is to be computed from the time a witness leaves home until he returns (see 40 Cyc. p. 2186) we are unable to find a single authority sustaining the allowance of per diem for the time spent in traveling to and from the place of trial under a statute like ours. On the contrary, every adjudicated case that has come to our attention under a statute making allowance for both per diem and mileage is to the effect that the per diem is allowable only for attendance at the place of trial and is not allowable for the time spent in travel. Carter v. Sweet (C. C.) 84 Fed. 16; Pringle v. The Michigan (C. C.) 52 Fed. 509; People v. Sharp, 78 Misc. 528, 139 N. Y. Supp. 995; Moulton v. Townsend, 16 How.

Pr. 306. See also Smith v. Smith, 146 Mich. 686, 110 N. W. 59, 111 N. W. 342.

Certain New York cases are cited as sustaining the rule that a witness is entitled to per diem for the time spent in travel. The principal cases so cited are Nichols v. Doty, 3 Cow. 352; and Rogers v. Rogers, 2 Paige, 458. While these cases do hold that a witness is entitled to per diem for the time required in travel they are of no force as authorities to this effect under our statute. At the time these cases were decided there was no provision in the laws of New York allowing mileage to witnesses. The statute in force at the time these cases were decided read as follows:

"For each witness attending in his county, twenty-five cents per day, attending from a foreign county attending and returning, fifty cents a day." Revised Laws of New York, 1813 (2 Rev. Laws, 29).

Subsequently the New York statute was amended so as to make allowance for mileage. Rev. Stat. 1829 (2 Rev. Stat. 642, 643); Laws of New York 1840, chap. 386, § 8. The statute of 1840 reads as follows:

"A witness in an action or a special proceeding, attending before a court of record, or a judge thereof, is entitled, except where another fee is specially prescribed by law, to fifty cents for each day's attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile, going to the place of attendance."

This provision was later adopted as § 3318 of the Code of Civil Procedure and forms the basis of the present law of New York as contained in § 1539 of the New York Civil Practice Act. This section was construed in People v. Sharp, 78 Misc. 528, 139 N. Y. Supp. 995, wherein the court said:

"This contemplates and limits payment for such days only as the witness is in actual attendance at court. . . ."

The rule thus announced was recognized and applied in Moulton v. Townsend, 16 How. Pr. 306; and Muscott v. Runge, 27 How. Pr. 85.

The case of Crawford v. Abraham, 2 Or. 163, is also cited as holding that a witness is entitled to a per diem fee for the time spent in travel. In our opinion that decision does not sustain the position contended for, but rather holds to the contrary. In that case wit-

nesses from another state had been subpœnaed; and, according to the statement of facts, in the opinion there was no objection to the claim for per diem for witnesses, the only objection being to the mileage. 2 Or. 164. In its decision the court took occasion to state with some particularity the rules governing the allowance of per diem and mileage fees for witnesses. Among the rules thus announced were:

"1st. Mileage will not be allowed for witnesses beyond the boundaries of the state.

"2d. The attendance of witnesses may be procured by request of parties, or by agreement; and the party so liable may recover disbursements for proper mileage and attendance.

"3d. The claim for disbursements must be for the number of miles actually traveled and the number of days in actual attendance as a witness only."

We are agreed that under the statutes of this state a witness is not entitled to a per diem fee for the time spent in travel to and from the place of trial, and that the only compensation a witness is entitled to receive for travel is the mileage fee. The cause is therefore remanded with directions that the judgment be modified accordingly. Neither party will recover costs on appeal.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.