### BURNS *vs.* MORSE & PLATT.

Where a judgment was confessed, for a debt which had not become due and payable and which was also fully secured by mortgage upon real estate, to enable the plaintiff in that judgment to sell the defendant's personal estate on an execution, and thus to place such property beyond the reach of other creditors who were about to obtain executions against the same; *Held*, that such judgment and the proceedings thereon were fraudulent and void as against the other creditors. And that upon a bill filed by a creditor whose execution had been returned unsatisfied, to reach such property and to stay the proceedings under the fraudulent judgment, the court was authorized upon the granting of the injunction to dispense with a deposit of the amount of the judgment or security to pay the same.

Process issued out of the mayor's court of the city of Rochester may be tested on any day in term on which such court shall sit, and be made returnable on any other day of the same term or at the next term, in the same manner as process issued out of the courts of common pleas of the several counties.

July 19.

THIS was an appeal from the decision of the vice chancellor of the eighth circuit, refusing to dissolve an injunc-

tion issued upon a creditor's bill. The bill charged the recovery of a judgment in favor of the complainant against Morse, one of the defendants, in the mayor's court of the city of Rochester, in May term, 1836, and the issuing of an execution thereon returnable at the same term, which was returned nulla bona; and that, for the purpose of defrauding the complainant of his debt and preventing him from collecting the same, Morse had a few days previous to the recovery of such judgment confessed a judgment in favor of Platt, the other defendant, for a sum which was not yet due and payable, and which was previously secured by mortgages upon real estate; upon which judgment Platt had taken out an execution and levied upon the property of Morse.

*J. Rhoades*, for the appellants.

*S. Stevens*, for the respondent.

THE CHANCELLOR. The fraud in obtaining the judgment of Platt is sufficiently charged in the bill to authorize the court to dispense with the deposit of any monies, or the execution of a bond, upon obtaining an injunction to stay the proceedings on that judgment. (2 *R. S.* 190, § 147.) If the judgment was confessed for a debt which was not then due and payable, or for more than was then actually due, or if the whole amount was fully secured upon real estate, and the judgment was given for the purpose of covering the personal estate also, so as to prevent the complainant from obtaining satisfaction of his debt out of such property, and with a view to defraud him, as charged in the bill, the whole judgment and the proceedings under it are fraudulent and void as against him, and must be set aside. Again; the question whether security ought to have been given upon the granting of the injunction, under the provisions of the revised statutes, was not properly presented upon a mere application to dissolve the injunction upon the matter of the bill only. Even if the fiat upon the back of the bill could be considered as a part of the bill upon such an ap-

1836.

Burns
v.
Morse.

plication, that does not show that the deposit required by the statute was not made. To raise that question, the defendants should have founded their application upon the bill, and also upon an affidavit that no deposit or security had been given, or upon a certificate of the clerk to that effect.

The vice chancellor is also right in the construction which he has given to the act to incorporate the city of Rochester, when taken in connection with several provisions of the revised statutes. The 19th section of the title of the revised statutes relative to mayors' courts in cities, which provides that no process in any mayor's court should be tested and made returnable the same term, (2 *R. S.* 219,) would probably have applied to the mayor's court of Rochester, which was established since the revised statutes went into operation, if a different provision on this subject had not been contained in the act of incorporation of that city. But the second section of the tenth title of that act provides, in terms, that all laws regulating the practice of the courts of *commom pleas* of the several counties, conferring judicial powers on them, authorizing the commencement of suits therein, regulating the removal of such suits *and authorizing the issuing of process*, shall be applicable to and binding upon the said mayor's court. (*Laws of* 1834, *p.* 333.) And one of the laws regulating the practice of the several courts of common pleas and authorizing the issuing of process, and which is thus made applicable to and binding upon the mayor's court of Rochester, is, that all writs or process which shall issue out of either of the said courts may be tested on any day of the term in which such court shall sit, and be made returnable on any other day of the same term, or at the next term. (2 *R. S.* 210, § 11.) The execution in this case was therefore regular ; and the return thereof unsatisfied authorized the filing of this bill, and the issuing of the general injunction as against the judgment debtor.

The order appealed from is therefore affirmed, with costs.