## FAIRBANKS *vs.* CAMP and others.

In an action on *a bond,* other than for the payment of money, where the plaintiff assigns several breaches, the *defendant is not entitled to costs,* although the plaintiff *fail in establishing several of the breaches* assigned by him, if the plaintiff succeed upon any one breach ; the defendant is not entitled to costs unless the plaintiff fail upon all the breaches.

QUESTION of costs. This was an action of debt, on a *bond* given by a *deputy sheriff* and his sureties, conditioned for the faithful discharge of the duties of the office of deputy. The plaintiff assigned *six* breaches : *four* of which related to one default of the deputy, and *two* to another. The cause of action in the four breaches was the same ; the breaches differing only in form. So of the two breaches. The plaintiff recovered a verdict. On the cause of action set forth in the four breaches, the jury assessed the plaintiff's damages at $437.43, and on the cause of action set forth in the two breaches, they assessed his damages at $104.81. On a motion for a new trial, the court held that the plaintiff was not entitled to recover upon the four breaches, and ordered a new trial. An arrangement was thereupon entered into by the parties, in pursuance of which the plaintiff entered a *nolle prosequi* as to the four breaches, and the defendants gave a cognovit for the damages assessed on the two breaches, without prejudice, however, to their right to apply to the court for costs on the breaches which the plaintiff had failed to sustain.

*S. Stevens,* for the motion.

*D. Burwell,* contra.

*By the Court,* NELSON, Ch. J.   The question is, are the defendants entitled to costs ?   If they are, it must be under the 26th § of 2 *R. S.* 617, *subd.* 2 : " Where there are two or more *distinct causes of action* in *separate counts,* the plaintiff shall recover costs on those issues which are found for him ; and the defendant on those which are found in his favor." This section was intended as a substitute for § 10. 1 *R. L.* 519.   The case before us does not fall within the *terms* of the act, and I am inclined to think is not within its intent.

The legislature seem to have had in their minds *two distinct causes of action,* not necessarily connected in the suit, but which were consistently joined and set forth in several counts of the declaration.   In such a case, where the plaintiff fails in one of them, it is perfectly just that he should pay costs.   The rule is probably new, though there is some confusion in the English cases.   *See Wright* v. *Williams,* 2 *Wendell,* 632, *and cases there cited.*   Here the suit is upon but one instrument, and the plaintiff is bound to set out all the breaches in respect to which he claims damages.   Strictly speaking, there is but one count, and one cause of action, as the bond is the foundation of the action, which is entirely grounded upon it.   2 *Saund.* 187, *n.* 2.

Again : At common law in an action of debt upon bond, the plaintiff could assign but one breach, as that forfeited the penalty which was recovered.   The act of 8 *and* 9 *Wm.* 3, of which ours is a copy, 2 *R. S.* 378, allowed him to assign any number of breaches, and gave him judgment for the penalty as before, and for costs, if he established any one of them. 1 *Saund.* 58 *n.* 1. 2 *id.* 187, *n.* 2.   Our statute, also, is very explicit on this point. 2 *R. S.* 378, § 6 *to* 10 *inclusive.*

I am of opinion, therefore, that the defendants are not entitled to costs, and consequently the plaintiff recovers costs.   As, however, the question is new on the statute, no costs are allowed to either party on this motion.