ELIZABETH F. FLOYD, Appellant, *against* CHARLES CARO, WAS
EXECUTOR, &c., OF ANN E. KERMIT, DECEASED, Respond-
ent.

(Decided March 7th, 1881.)

A will, in the introductory part of which the testator described himself as
desirous of making a suitable and proper disposition of such worldly es-
tate as he might leave, after several clauses making dispositions of per-
sonal property, contained a general residuary clause embracing all the
rest, residue and remainder of his property and estate, real and personal,
of every nature and description, which provided that the whole of the in-
come of such residuary estate, after deducting charges and expenses,
should be paid to his wife during her life, and that upon her death the
personal property and all his real estate "not herein and hereby other-
wise disposed of" should go to such relations by blood or marriage of
himself or his wife as she might direct by her will or other instrument of
appointment, and in default of such will or such appointment then to the
heirs at law and next of kin of his wife ; immediately after which resi-
duary clause was a provision that "upon the death of my said wife, I
hereby give and devise the real estate aforesaid in · manner following, to
wit:" followed by several devises of particular parcels of real estate to
different persons. *Held,* that the testator's intention was to dispose of
the whole of his property by this instrument.

The specific devises of portions of the real estate after the death of the
wife were to females, to each of such devisees respectively during her
life, and on her death to her issue. Two of the devisees were at the time
of the making of the will unmarried, and, from their relationship to the
testator and other circumstances, that fact might be presumed to be
known to him; and both died before the decease of his wife, unmarried
and without issue. The will contained no further specific devise of the
property devised to them. *Held,* that those portions of the real estate
came under the provision in the general residuary clause for the disposi-
tion, as his wife should direct, of property not otherwise disposed of by
the will.

APPEAL from a judgment of this court entered upon find-
ings by the judge upon trial without a jury.

The action was brought to recover possession of certain real
estate situated in the city of New York. The facts found by
the judge at the trial were substantially as follows:

Floyd *v.* Carow.

Robert Kermit was in his life-time, and at the time of his death, seized in fee of the said premises; while so seized, he duly executed his last will, whereby, after stating in the introductory clause thereof that he, being " desirous of making a suitable and proper disposition of such worldly estate as I may leave behind me," had " thought proper to make " and did make this will, and after various provisions and bequests relating to personal property only in the clauses first to fifth inclusive, he, by the sixth clause thereof, devised and bequeathed " all and singular the rest, residue and remainder of my property and estate, real and personal, of every name, nature and description whatsoever and wheresoever situated " unto his executors thereinafter named, in trust to lease the real estate, and to receive the rents thereof, and to invest the personalty and receive the income thereof, to pay various expenses, and to pay the residue of such rents and income to his wife during her natural life ; " and upon the death of my said wife to assign, transfer and set over the said personal property, and the securities in which the same may be invested, and every part thereof (including any real estate bought in upon the foreclosure of any mortgage as hereinbefore provided), and all and singular my real estate not herein and hereby otherwise disposed of, to and among such person or persons, being relatives by blood or marriage of myself or of my said wife, and in such shares or portions, and on such conditions and limitations as my said wife may direct in and by her last will and testament. . . . And in default of such will or such appointment, then to and among the then heirs at law and next of kin-of my said wife, in like manner as if the said property and estate had belonged to her absolutely in her own right according to the laws of the state of New York, then regulating the descent of real estate."

By the seventh clause he gave and devised, upon the death of his wife, " the real estate aforesaid in manner following, to wit :"

To Julia C. Sanderson, wife of Edward F. Sanderson, a dwelling-house in Fourteenth street for her life, and on her death to her issue then her surviving and the issue of any deceased child, in fee simple absolute.

Floyd *v.* Carow.

"To Laura F. Carow, the daughter of Isaac Carow, the premises numbers eighty-six Greenwich street and ninety-one Washington street, with the appurtenances, to have and to hold the same to her for and during her life, and on her death to her issue then her surviving and the issue of such of them as may then have departed this life, the issue of any such deceased child taking per stirpes and not per capita, in fee simple absolute."

To Mary Thomas, wife of James P. Thomas, the premises No. 102 William street for her life, and on her death to her issue then her surviving and the issue of such of them as may then have died, in fee simple absolute.

"To Sarah Elizabeth Sanderson, the daughter of the said Edward F. Sanderson, the store and premises numbers seventy-nine Pearl street and forty-six Stone street aforesaid, with the appurtenances, to have and to hold the same to her for and during her life, and on her death to her issue then her surviving and the issue of such of them as may have departed this life, the issue of any such deceased child taking per stirpes and not per capita, in fee simple absolute."

By the eighth clause he provided that the devises to the four females above-named should be free from any claim or control of any present or future husband of them or of either of them.

By the ninth clause he stated that the previous provisions of his will were framed upon the supposition of his dying without issue; but in case he should leave issue he devised and bequeathed "all my property and estate, real and personal, whatsoever and wheresoever situate," to his executors upon trusts in favor of his wife and such issue.

The said Robert Kermit died on March 14th, 1855, leaving his said will unrevoked, and the same was admitted to probate by the surrogate of the city and county of New York; he left him surviving no issue; his wife, Ann E. Kermit, survived him, and the plaintiff was his only heir-at-law.

Laura F. Carow, named in the seventh clause of the will, died on May 8th, 1872, without ever having been married, and without ever having had issue.

Sarah Elizabeth Sanderson, named in said clause, was un-married when the said will was made, but married after the testator's death, and died on January 4th, 1875, without ever having had issue.

The premises mentioned in the seventh clause of the said will by the numbers 86 Greenwich street and 91 Washington street, and by the numbers 79 Pearl street and 46 Stone street, were the same premises described in the complaint and for which the action was brought.

Ann E. Kermit, the widow of the testator, after his death, duly executed her will, whereby she devised and appointed the premises in dispute to the defendant upon trust for the bene-fit of himself and his children, who were relations by marriage of the said Robert Kermit, and by blood of the said Ann E. Kermit, and she died on June 30th, 1879, leaving the said will and appointment unrevoked: her will was duly proven before and admitted to probate by the surrogate of the county of New York.

The said Laura F. Carow was a sister of the testator's wife, and resided with him in his family in the city of New York when his will was made; and the said Sarah Elizabeth Sander-son was a niece of the testator's wife, and resided in the city of New York when his will was made.

Upon these facts the judge found as conclusions of law that the defendant was entitled to judgment upon the merits. The plaintiff excepted to the conclusions of law. Judgment for the defendant was entered upon the findings; and from the judg-ment the plaintiff appealed.

Alfred Roe and John I. Macklin, for appellant.—The plaintiff claims as heir at law of Robert Kermit, and as such is not called upon to show any intent in her favor. She takes by virtue of the statute of descent. To defeat her title, there must be a clear and well-defined intent to vest the estate in some other person. Mere conjectures or inferences are not sufficient (Van Kleeck v. Dutch Church, 20 Wend. 457; S. C., Opinion of WALWORTH, C., 6 Paige, 612; Haxtun v. Corse, 2 Barb. Ch. 506, 521). It is only where there is a distinct lim-

ited or contingent devise, couched in such terms that the testator could not but have had in his mind the possibility of its failure, and where there is also a sufficient residuary clause, that the residuary devisee would take the reversion or remainder (20 Wend. 469). In the present case, the whole structure, tenor and phraseology of the will negatives the idea that there was any intent that the widow should exercise the power of appointment over the real estate specifically devised.

It is no answer to say that the life estate determined before the widow's decease. That event cannot change the effect and intent of the will. The will speaks as of the death of the testator. If the intent of the will at the time of its taking effect was not to give this real estate to the appointees of his widow, they cannot take in consequence of any other disposition of it not taking effect (*Strong* v. *Treatt*, 2 Burr. 912–920).

To defeat the title of the plaintiff, the testator's heir at law, it must appear that the testator devised this property to the widow's appointees by express words, or necessary implication, to be collected from the terms of the will (Cruise Digest, tit. Devise, c. 10, § 18; *Post* v. *Hover*, 33 N. Y. 599; *Lynes* v. *Townsend*, 33 N. Y. 570; approved by REYNOLDS, J., 54 N. Y. 89; *Quinn* v. *Hardenbrook*, 54 N. Y. 83; Jarman Wills, 356; *Hambleton* v. *Darrington*, 36 Md. 434, 446).

The words in the fourth subdivision of the sixth clause of the will: "All and singular my real estate not herein and hereby otherwise disposed of," are to be construed as though the testator had said: "All and singular my real estate not herein and hereby expressed or intended to be disposed of" (2 Powell Devises, 605).

The power of appointment and the direction to the trustees contained in the fourth subdivision of the sixth clause of the will, do not constitute a residuary clause. The property to be transferred by the executors to the appointees of the power, is specifically mentioned and described, and certain property is specifically and distinctly excepted with the same force and effect as if it had been described by street numbers or metes and bounds (*James* v. *James*, 4 Paige, 115; *Christie* v. *Hawley*, 67 N. Y. 133; *Hoyle* v. *Whiteside*, 1 Thomp. & C.

Floyd *v.* Carow.

301; *Simmons* v. *Rudall*, 1 Simons, 115; *Hambleton* v. *Darrington*, 36 Md. 434). Although the life tenants pre-deceased the widow, and the devise in their favor became inoperative, the clause in question must be construed without reference to that event.

The case of *Youngs* v. *Youngs* (45 N. Y. 254), relied on by the respondent's counsel, has no relevancy to the present case. Wills speak as of the death of the testator, and in that case the devisee died before the testator, so that in legal effect the devise was absolutely wiped out. The case is no authority, except as to a case presenting precisely similar facts.

But if a general residuary devise will carry to the residuary devisee whatever turns out not to be disposed of, or a remote reversion which fails to take effect, this rule does not apply where it is a part of the residue itself, the disposition of which fails to take effect. The opposite rule universally prevails in such cases. The residue of a residue is not increased or augmented in consequence of the failure of a devise of the other part or parts of the original residue, which the testator has expressed an intention to otherwise dispose of (*Beekman* v. *Bonsor*, 23 N. Y. 299, 312; *Skrymsher* v. *Northcote*, 1 Swanst. 570; *Lloyd* v. *Lloyd*, 4 Beav. 231; *Simons* v. *Rudall*, 1 Simons N. S. 115; *Matter of Dowd's Will*, 8 Abb. N. C. 118, 121; *Kerr* v. *Dougherty*, 79 N. Y. 327, 345-9).

The court erred in excluding evidence as to to the testator, at the time of making the will, and at the time of his decease, owning other real estate besides the pieces specifically devised in the seventh clause of the will. The matter was pertinent with reference to the intent, meaning and effect of the fourth subdivision of the sixth clause of the will.

*Henry J. Scudder* and *Joseph H. Gray*, for respondent.— The testator intended, by his will, to dispose of all his property, including every estate and interest therein, and to permit nothing, undisposed of, to descend to his heir at law (2 Redf. Wills, 442; *Kingsland* v. *Rapelye*, 3 Edw. Ch. 1, 12; *Bates* v. *Hillman*, 43 Barb. 645, 647; *Charter* v. *Otis*, 41 Barb. 525, 529; *Ibbetson* v. *Beckwith*, Cas. temp. Talbot, 157; *Youngs* v.

*Youngs,* 45 N. Y. 254, 257; *Wilce* v. *Wilce,* 7 Bingh. 664; *Terpening* v. *Skinner,* 30 Barb. 373, 377; *Earl* v. *Grim,* 1 Johns. Ch. 494, 498; *Brigham* v. *Shattuck,* 10 Pick. 306; *Isaacs* v. *Swan,* 1 Duvall [Ky.] 277).

The testator did not, by the seventh clause of his will, dispose of, or attempt to dispose of, all his estate and interest in Nos. 86 Greenwich street and 91 Washington street to Laura F. Carow and her issue, or in Nos. 79 Pearl street and 46 Stone street to Sarah Elizabeth Sanderson and her issue (*Baker* v. *Lorillard,* 4 N. Y. 257; 1 R. S. 723, § 13; Kent Comm. 206; Fearne Remainders, 5). There remained in the testator, at the time the will was made, and apparent upon the face of the will, and not specifically disposed of by the will, an alternative estate in the lands in question, or a contingent reversion, or an estate in expectancy, which would take effect in possession, in case any one of the contingencies should not happen, upon the happening of all which the estates were to vest in such issue; that is, in case Laura F. Carow and Sarah Elizabeth Sanderson respectively should not marry; or if such marriage should be had, in case they respectively should not have issue; or, if such issue should be born, in case it should not survive its mother, or, dying, should not leave a descendant who should so survive (1 R. S. 723, §§ 12, 13).

These alternative estates or contingent interests, being devisable, but not having been specifically devised by the testator, were intended by him to be included within and to pass by the power given by him to his wife to appoint "all and singular my real estate not herein or hereby otherwise disposed of" (*Van Kleeck* v. *Dutch Church,* 20 Wend. 495; 1 Redfield Wills, 433; *Christie* v. *Phyfe,* 19 N. Y. 344, 348; *Livingston* v. *Greene,* 52 N. Y. 118, 124; 1 R. S. 750, § 27; *Jackson* v. *Parker,* 9 Cowen, 73; *Westervelt* v. *People,* 20 Wend. 416; 1 R. S. 723, 725, §§ 9, 35; 1 Hilliard Real Prop. 3; *Lydcott* v. *Willows,* 2 Ventr. 285; 3 Mod. 229; 2 R. S. 57, § 5; *Youngs* v. *Youngs,* 45 N. Y. 254).

Such being the intention of the testator, in the events contemplated by him, and the language used by him being apt and sufficient to express such intention clearly and without

ambiguity, and there being nothing in the will to denote a contrary intention, the alternative estate or contingent interest remaining in the testator if issue should not be born to or should not survive Laura F. Carow and Sarah Elizabeth Sanderson, respectively, in the lands devised to such issue contingent upon their being so born and surviving, was included within and did pass by the power given by him to his wife to appoint all his real estate not specifically disposed of.   A residuary devise of all the testator's real estate not otherwise disposed of by his will, carries with it, in addition to the real estate in which no interest is devised in other parts of the will, also every reversionary and contingent interest which the testator has, which, in the events contemplated by him as apparent from the face of the will itself, is not wholly and absolutely disposed of by the other parts of the will and which would be a proper subject of devise; unless there is something in the will clearly denoting an intent that the same should not so pass.   This rule was established in the courts of England at an early day, has been uniformly adhered to in a large number of decisions, has been recognized, followed and adopted in the courts of several states of the United States, and has been approved and established by the courts of this state ; it has been applied to interests very remote, both vested and contingent (*Hogan* v. *Jackson,* Cowp. 299; *Ridout* v. *Pain,* 3 Atk. 485; *Doe* v. *Weatherby,* 11 East, 322; *Freeman* v. *Duke of Chandos,* Cowp. 363; *Chester* v. *Chester,* 3 P. Williams, 56; *Goodright* v. *Marquis of Downshire,* 2 Bos. & P. 600; *Wilde* v. *Davis,* 17 Eng. L. & Eq. 466; *Isaacs* v. *Swan,* 1 Duvall [Ky.] 277; 1 Jarman Wills, 4th Am. ed. 530, 591; *Goodtitle* v. *Knott,* Cowp. 43; *Doe* v. *Fossick,* 1 Barn. & Ad. 186; *Egerton* v. *Massey,* 3 Com. B. N. S. 338; *Lydcott* v. *Willows,* 2 Ventr. 285; *Doe* v. *Scott,* 13 Maule & S. 300; *Doe* v. *Underdown,* Willes, 293). This principle has been followed and adopted in the courts of Massachusetts (*Hayden* v. *Stoughton,* 5 Pick. 528; *Brigham* v. *Shattuck,* 10 Pick. 306; *Austin* v. *Cambridgeport,* 21 Pick. 215; *Steel* v. *Cook,* 1 Metc. 281); and quoted with approval by the courts of this state (*Van Kleeck* v. *Dutch Church,* 6 Paige, 600, 608, 610; 20 Wend. 457, 495, 502; *Bowers* v. *Smith,* 10

Paige, 193; *Craig* v. *Craig*, 3 Barb. Ch. 76, 101; *Waring* v. *Waring*, 17 Barb. 552); and was expressly and fully adopted in *Youngs* v. *Youngs* (45 N. Y. 254); in which case the decision upon the contingent devise was not on the ground, as is claimed by plaintiff's counsel, that because the life tenant died in the life-time of the testator, and the estate therefore was not disposed of at the testator's death, the will operated upon it under 2 R. S. 57, § 5; but was put upon the principle of the English decisions. The cases of *James* v. *James* (4 Paige, 115), *Christie* v. *Hawley* (67 N. Y. 133), *Hoyle* v. *Whitside* (1 Thomp. & C. 301), and *Wood* v. *Keyes* (8 Paige, 369), are not applicable; and the case of *Hillis* v. *Hillis* (16 Hun, 76), is not an authority upon any point involved in this case.

This is not like the case of an interest arising by reason of a lapsed devise, occasioned by the death of the devisee in the testator's life-time, or before the will was made, or by reason of the legal incapacity of the devisee, as laid down in the cases of *Doe* v. *Underdown* (Willes, 293) and *Van Kleeck* v. *Dutch Church* (6 Paige, 600; 20 Wend. 457).

The testator, by directing his trustees upon the death of his wife to assign, transfer and set over his personal property and real estate not otherwise disposed of to such person as his wife should appoint, devised the real estate to such appointees when appointed (1 R. S. 727, 728, 730, §§ 47, 55, 59, 60, 67; *Schauber* v. *Jackson*, 2 Wend. 14, 34, 54–56; *Rathbone* v. *Dyckman*, 3 Paige, 9, 27; *Post* v. *Hover*, 33 N. Y. 593, 599; 1 Jarman Wills, 4th Am. ed. 441, 465; Sugden on Powers, 3d Am. ed. 22).

This is not like the case of a gift of a residue to be divided in certain shares between different persons, so that the testator cannot be deemed to give to the survivors a share which lapsed by the death of one in his lifetime, because he has fixed the share in the residue which each is to have.

The court did not err in excluding evidence tending to show that the testator, at the time of making his will, owned other real estate than that mentioned in the seventh clause of his will, upon which the residuary clause might operate (1 Redfield

Wills, 431, 432; 2 R. S. 57, § 5; *Doe* v. *Fossick*, 1 Barn. & Ad. 186).

CHARLES P. DALY, Chief Justice.—This judgment should be affirmed. The reasons why it should be affirmed, are set forth so concisely in the points submitted by the counsel for the respondent, that to a great extent it would suffice to repeat what he has said and refer to the authorities he cites. But he has not considered all the objections relied upon by the appellant, and as they will have to be passed upon, I will state my conclusions, generally, on the appeal, with the cases that warrant them, as follows:

1. The testator's language in the introductory part of the will, that he was desirous of making a suitable and proper disposition of such worldly estate as he might leave ; the existence, with the specific devises, of a general residuary clause embracing all the rest, residue and remainder of his estate of every nature and description, not therein and thereby,—that is, by the will,—otherwise disposed of ; and the provision in this residuary clause, that the whole income of the residue of his estate, which included the property in question, was to be paid to his wife during her life, and upon her death, the residuary estate was to go to such of his relations by blood or marriage, or the relations of his wife, as she might, by her will or other instrument, appoint, in such shares or portions, and on such conditions and limitations, as she might direct; show that his intention was to dispose of the whole of his property by that instrument (*Youngs* v. *Youngs*, 45 N. Y. 257, and Youngs' will, in the printed case, submitted on the argument).

2. The special devises, after the death of his wife, of the property in Greenwich street to Laura F. Carow, and of that in Pearl street, to Sarah E. Saunderson, were to each respectively during their lives, with a contingent remainder to their issue, each being, at the time of the making of the will, unmarried ; and as the contingency never happened, each having died without issue, and there being no further specific devise of the property, it came under the general residuary clause in the will, which provided for the disposition, as his wife should

Floyd *v.* Carow.

appoint, of property not otherwise disposed of under the will, which was the case in respect to this property. Both devisees, at the making of the will, were unmarried. There was the possibility that they might not marry, or might not have issue, and it cannot be assumed that this was an event not contemplated by the testator. A residuary devise of real or personal estate, carries with it all reversionary or contingent interests, which in events contemplated by the testator are not otherwise disposed of (*Bowers* v. *Smith*, 10 Paige, 202; *Craig* v. *Craig*, 3 Barb. Ch. 101). The event contemplated by the testator here, was that the devisees would have issue, who would take the property absolutely, which was' necessarily coupled with the knowledge, on his part, that it was an event that might not occur; and as it did not, the property comes under the residuary clause of the will and is disposed of by it (*Doe* v. *Weatherby*, 11 East, 322; *Doe* v. *Scott*, 13 M. & S. 300; *Doe* v. *Frederick*, 1 B. & Ad. 186; *Edgerton* v. *Massey*, 3 Com. B. N. S. 338; *Youngs* v. *Youngs, supra; Craig* v. *Craig*, 3 Barb. Ch. 76; 1 Jarman on Wills, 2d Am. ed. 519).

3. The provision in the sixth, or residuary clause, directing the trustees, on the death of the testator, to transfer to those whom his wife should appoint, the personal property therein provided for, and " all and singular my real estate not herein and hereby otherwise disposed of," does not exclude this property from the residuary clause, for it had not been absolutely disposed of by the will—the absolute or final disposition of it being dependent upon a contingency that might not and did not happen, the devisees having died before the wife, at whose death, they were, if then living, to have a life estate in it.

4. This case does not come within the rule applied in *Van Kleeck* v. *Dutch Church of New York* (6 Paige, 108; 20 Wend. 600), that a residuary devise does not include real estate, which was, in terms, *absolutely* devised to others who could not take from incapacity,—as in the case of a corporation incapable of taking by devise,—but descends to the heirs; the reason of the rule being that it appearing by the devise of the property in the will that the testator presumed that he had, by his will, disposed of the entire fee absolutely, leaving nothing remaining

Floyd v. Carow.

for future disposition, no intention could be inferred that it was, in the event of a failure of the devise, to come under the residuary clause (per GROVER, J., in *Youngs* v. *Youngs, supra,* p. 259), but on the contrary that he did not intend the residuary devise to extend to it (1 Jarman on Wills, 590, 3 Am. ed.). It was conceded, in *Van Kleeck* v. *Reformed Dutch Church,* by the chancellor (6 Paige, 108), that the general residuary clause embraces reversionary and contingent interests not fully and completely covered by other parts of the will, and the opinions upon the affirmance of the case in the court of errors show (per GROVER, J., in *Youngs* v. *Youngs, supra*), that if the disposition made had been upon a contingency that might have left an interest undisposed of, such contingent interest would have passed under the residuary clause, which is the case here. "If," says JARMAN, "an estate in fee were devised to a person on the happening of a certain event, it is obvious that the alternative fee depending on the converse event is undisposed of, and therefore, is an interest on which the residuary clause will operate" (1 Jarman on Wills, 519, 2d Am. ed.).

5. The appellant concedes the law to be, that where there is a distinct limited or contingent devise, couched in such terms that the testator could not but have had in his mind the possibility of its failure, and there is a sufficient residuary clause, the residuary devisee would take the reversion or remainder. The devise here, of this particular real estate, was to each devisee, "during her life, and on her death to her issue, then her surviving, and the issue of such of them as may then have departed this life, the issue of any such deceased child taking per stirpes, and not per capita, in fee simple absolute;" and as the devisees, at the time of the making of the will, had no issue, and were unmarried, which was known to the testator, who designates them by their maiden names, one of them living in his family, and the other the niece of his wife, the testator must have had in his mind, the possibility of the failure of issue, their having issue being one of those uncertain future events, of which any ordinary mind would take cognizance; and as there was, with this contingent special devise, a general residuary clause, the two are entirely consistent with each other;

Floyd v. Carow.

the intention of the testator being, as the language of the will shows, to dispose of the whole of his estate.

6. The fact that the devisees were not to take this property until the death of the testator's wife, and that, on the happening of that event, the residuary estate, except what was then otherwise disposed of under the will, was to go to the person or persons whom she should appoint by will, does not bring this case, as the appellant contends, within the rule, that where a part of the residue itself fails, that part does not go to augment the remainder of the residue, but is undisposed of, and goes to the next of kin (*Skrymsher* v. *Northcote*, 1 Swanst. 566). This rule, which has been applied in this state, in *Kerr* v. *Dougherty* (79 N. Y. 346), and *Beekman* v. *Bonsor* (23 N. Y. 312), may be illustrated by the case from which it was derived,—*Creswell* v. *Cheslyn* (2 Eden, 123),—where the testator gave his residuary estate to his three daughters equally, as tenants in common, and then, by a codicil, revoked the devise as to one of the daughters, giving her a pecuniary legacy instead; and, the legacy having lapsed, by her death before that of the testator, it was held that the legacy did not go to the other two residuary legatees, but, being undisposed of by the will, went to her next of kin; and in *Skrymsher* v. *Northcote*, above cited, which was founded upon this case of *Creswell* v. *Cheslyn*, the testator declared that the moiety of the residue, the income of which was given to his daughter for life, should, if she died without issue, be divided into two parts, which he gave in equal proportions to a son and another daughter, and afterwards revoked the part given to the other daughter, without making any other disposition of it; in respect to which, it was held that he died intestate. In these cases, the testator took a certain part from the residue, and making, in one case, another disposition of it, and in the other case, no disposition of it, it was held that it could not go back to augment the residue, as that was evidently not the testator's intention; and hence, the rule that a part of the residue, of which the disposition fails, would not accrue in augmentation of the remaining parts, as a residue of a residue; that it does not therefore, come under the

residuary clause, but is undisposed of and goes to the testator's heirs or next of kin.

But the present is not a case of a devise of a part of the residue, which is subsequently revoked or withdrawn, making another or no disposition of it, or, like the cases in this state, where a devise of a certain or unascertained part of the residue fails, being invalid from uncertainty or other cause, but it was a special devise of a life estate in two distinct pieces of land, with a contingent remainder, which did not take effect, as the contingency by which it might have become an absolute devise in fee never happened, both devisees having died without issue, before the death of the testator's wife, which left an alternative fee undisposed of, which passes to the residuary legatees under the general rule, that reversionary or contingent interests, not fully or completely covered by other parts of the will, are embraced by and come under the residuary clause. " Residue," says Sir THOMAS PLUMER, the master of the rolls, in the case last cited, of *Skrymsher* v. *Northcote*, " means all of which no effectual disposition is made by the will, *other than the residuary clause ;* but when the disposition of the residue itself fails, to the extent to which it fails, the will is inoperative." Where, as in *Simons* v. *Rudall* (1 Sim. 138), cited by the appellant, the testator subjects a certain part, in that case, one-fourth of his estate, to the appointment of the survivor of the tenants for life, and then gives the *rest and residue of it*, after their death, to others, and the survivor does not exercise the power of appointment, the part so subjected does not pass under the residuary clause, because it was expressly excluded ; all that was given by the residuary clause being the rest and residue remaining after the part subjected to the power of appointment, which power never having been exercised, there was no disposition of it, and it went necessarily to the heirs or next of kin. But it has need that the testator must have used words clearly limiting the gift of the residue and showing in express terms an intention to exclude from it portions of his estate that fail to pass under previous clauses in the will, in order to take them out of the general rule (*King* v. *Woodhull*, 3 Edw. Ch. 82, 84).

Floyd *v.* Carow.

In the language of the will, in the present case, there is nothing showing, or from which it can be implied, that it was the intention of the testator to exclude this property absolutely from the residue of his estate; that if the devisees should die without issue, it was not to go into the residuary estate.

In the language of Bayley, J., in *See* v. *Weatherby* (11 East, 322), "There must be sometheing in the will, either expressed, or necessarily to be implied, showing an intention of the testator to exclude the reversion, in order to prevent the general words of the residuary clause from passing it." In the language of Lord Ellenborough, in the same case, "The operation of a residuary clause carries every real interest of every kind whatsoever, whether known or unknown to the testator, unless it be manifestly excluded." "I take the general rule of construction to be," says Lord Tenterden, in *Doe* v. *Fossick* (1 Barn. & Ad. 186), "that all the testator has, which is not otherwise disposed of, passes under the residuary clause, unless there appears, from other parts of the will, a clear and manifest intention, that something shall not pass." What is relied upon as showing such intention in this case is, that by the sixth, or residuary clause, the net income of the whole of the residuary estate is to be paid to the testator's wife, during her life; and that, upon her death, it is, including all his real estate not otherwise disposed of by the will, to be conveyed by the residuary legatees and trustees, as she shall appoint; and that, in the next, or seventh clause, he gives upon the death of his wife, a life estate in these two pieces of land, with a contingent remainder; thereby, as it is argued, excluding it from the residuary estate which is to be conveyed, as his wife should appoint. But he does not exclude it. He left it, with other property, covered by like devises, to remain with the bulk and residue of his estate, during his wife's life, to be separated only in the event of the devise taking effect, upon her death, by the devisees being then in being, or having issue. As they died, however, without issue, it has never been, and could not be, under the will, separated from a residue, so as to leave what is called a residue of a residue. It remained exactly as the testator left it, forming a part of his residuary

estate, the contingency not having occurred, which would have taken it out of the residuary estate, and made another disposition of it. It remained a contingent interest, not provided for in the will otherwise than by the residuary clause, and it does not follow, because he provided for the conveyance, by the residuary legatee, upon the death of his wife, of all his real estate, not otherwise disposed of by him, that he intended to exclude this contingent interest from the operation of the residuary clause, if the contingency should not happen. . In *Doe* v. *Weatherby, supra*, it was held that it was not a sufficient reason for holding that a testator did not intend to pass a contingent interest or reversion, by the general words of the residuary clause, because he subjected the rest of his real estate not disposed of to certain life annuities to one of which this reversion would not attach.

7. There was no error in excluding evidence that the testator had other real estate than that devised by the seventh clause, as that fact, if it had been shown, could have had no effect upon the construction of the will.

VAN BRUNT, J.—It seems hardly necessary to add anything to the exhaustive statement of conclusions made by the learned chief justice in his opinion, but it may not be improper for me to add one or two suggestions upon what seems to me to be the only question of difficulty involved in this case.

The rule that the residue of a residue is not increased or augmented in consequence of the failure of a devise of the other part or parts of the original residue, which the testator has expressed an intention to otherwise dispose of, seems to be reasonably well settled, both by principle and authority ; and, if the premises in question are to be deemed as taken out of the residue by the seventh clause of the will, then they could never, under any circumstances, become subject to the provisions of the residuary clause.

The fact that it is evident that the testator did not intend to die intestate, as to any part of his estate, the fact that it could not be determined, until the death of the wife, whether or not any of the real estate mentioned in the seventh clause

Floyd *v.* Carow.

of the will was or was not disposed of by the will, and the fact that the testator knew that it could not be so determined, seem to indicate a very plain intent upon the part of the testator that the question as to what real estate was disposed of by the will was to depend upon the fact as to who could take under the seventh clause of the will at the death of his wife.

He seems to have intended that his wife might, by will, dispose of all the estate which did not pass by the will, and whether the real estate mentioned in the seventh clause of the will did or did not pass under the will, could only be determined upon the death of the wife, and in view of this fact he gives his wife the right by will to designate to whom all his estate should go, which did not pass to some designated party under the will.

It being, therefore, the intention of the testator that what was otherwise disposed of by the will was to be determined by the condition of affairs at the time of the death of his wife, there was no intent to take the real estate mentioned in the seventh clause out of the residue, unless there were some persons in being to take at the time of the death of the wife, and the rule hereinbefore stated does not apply.

For the above reason, together with those stated by the learned chief justice, I think that the judgment should be affirmed.

Judgment affirmed.*

---

* The judgment entered upon this decision was affirmed by the court of appeals, April 7, 1882.