Faller v. Salmons.

---

---

No. 9880.

FALLER *v.* SALMONS.

INSTRUCTIONS.—*Evidence.—Inference by Jury.*—In an action to recover personal property, where certain witnesses testified to hearing the defendant declare that it belonged to "Old Joe," and there was other evidence from which the jury might have inferred that defendant, by his use of such words, meant the plaintiff, an instruction, that if there was no evidence that the witnesses so testifying meant the plaintiff in this case, when they used the name "Old Joe," then such testimony can have no weight in determining this case, is erroneous.

From the Warren Circuit Court.

*J. McCabe*, for appellant.

*J. W. Sutton* and *J. M. Hunter*, for appellee.

BLACK, C.—This was an action commenced before a justice of the peace, by the appellant against the appellee, to recover the possession of two mules.    Upon a trial by jury, in the court of the justice, the plaintiff succeeded.    The defend-

ant appealed to the court below, where there were two trials by jury, on the first of which the jury disagreed, and on the second there was a verdict for the defendant, on which judgment was rendered. The last trial was had before Hon. Isaac E. Schoonover, judge *pro tempore*. The appellant moved for a new trial, and the motion was overruled by the regular judge, Hon. Thomas F. Davidson.

Two questions only are argued by counsel. The first relates to the authority of the judge *pro tempore*. The appointment under which he presided at the trial of this cause was the appointment which was held valid by this court in the recently decided case of *Bowlus* v. *Brier, post,* p. 391; and the question is presented in the record now before us in the same manner as in that case, to which we refer for our reasons for upholding the authority of the judge in the trial of this action. The other question relates to a certain instruction to the jury, the giving of which was assigned as a cause for a new trial.

This instruction was as follows: "The testimony of the witnesses in the deposition taken at Rossville, Illinois, given in evidence, who swear that the defendant told them that the mules belong to 'Old Joe,' standing alone, does not tend to prove that the witnesses so testifying meant the plaintiff in this case; and if there is no evidence in the case from which you can determine that such witnesses so testifying meant the plaintiff in this case, when they used the name 'Old Joe,' then such testimony can have no weight in determining this case."

The evidence showed that the plaintiff had lived with the defendant, and worked for him, in the employment of farming, for a number of years, and that the mules in controversy were two dun mules that had been purchased by the defendant of one Watkins. The plaintiff testified that in a certain settlement, had between him and the defendant, the mules in question were given to the plaintiff in payment for past services, and that he afterwards continued to work and use

said mules in defendant's service. This testimony of the plaintiff as to a transfer of the ownership of the mules to him was contradicted by the defendant as a witness, and by another witness whose credibility was attacked by proof of his conviction of perjury.

There was evidence that the plaintiff was generally called " Joe," or " Old Joe," and that he was always known by the name of " Joe " or " Old Joe." The remainder of the evidence consisted mainly of testimony as to declarations of the parties. The deposition taken at Rossville contained examinations of George W. Salmons, Mark M. Allison, Cicero Allison and Malinda Salmons. The first named of these witnesses testified that he was acquainted with the parties to the action, and knew the mules in controversy, and that he had heard the defendant say, at various times, that the mules " belonged to Joseph Faller, who I understand to be the plaintiff in this case." Speaking of a certain conversation between the defendant and the witness, he testified that he heard the defendant say that the two mules, or the two Watkins mules, belonged to " Old Joe," and that in the same conversation the defendant said to witness, " You know that them mules are Joe's." This witness, in his last answer, said: "As I said before, I can't be definite as to the time or times, though I am confident that I have heard him say a number of times that the mules belonged to Old Joe, that he had sold them to Joe in consideration of certain work that Joe did for him on the Watkins farm. Whether his statements in reference to having sold the mules to Joe were true or not, I don't know."

Mark M. Allison testified that he knew the parties to this suit. Being asked to state what he had heard the defendant Salmons say, if anything, about who owned the two dun mules used on his place, the witness answered that he had heard Salmons say, at different times, that the dun mules, known as the Watkins mules, belonged to Joe Faller.

Cicero Allison testified that he knew the parties to this suit,

and knew the pair of dun mules known as the Watkins mules, and that he had heard the defendant call them Joe's mules.

Malinda Salmons testified that she was acquainted with the parties to the action, and that the defendant always said the mules in controversy belonged to Joe, in her presence.

This was the testimony to which the instruction in question referred. The first deponent alone made use of the words ".Old Joe," and he and the other deponents also used the word "Joe." These witnesses testified to declarations of the defendant, in which he was said by them to have used certain appellations. It was material for the jury to determine whom the defendant meant by his use of these appellations in his conversations with the witnesses. None of the witnesses were asked, and none of them said, to whom they understood the defendant to refer by his use of the words "Old Joe." There was evidence from which the jury might readily have determined that the defendant, when he used the name "Old Joe," was referring to the plaintiff. But the court told the jury that if there was no evidence in the case from which they could determine that the *witnesses* testifying that the defendant told them that the mules belonged to "Old Joe," meant the plaintiff in this case, when *they* used the name "Old Joe," then such testimony could have no weight in determining this case. The instruction was inapplicable to the evidence, contained an erroneous proposition, and was calculated to confuse.

We have examined all the evidence, and we find it conflicting, and of such a character that we are unable to say that the appellant was not injured by this instruction. Therefore, we think there should be a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the appellee's costs, and that the cause be remanded for a new trial.