Burrows v. The State.

No. 17,159.

BURROWS v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Bank Check.*—*Value.*—*Instruction.*—*Invading Province of Jury.*—In a prosecution for larceny of a bank check for $50, the court instructed the jury that "A check drawn on a bank, when the drawer has money on deposit, as much or more than sufficient to pay the check, is presumptively of some value in the hands of the person in whose favor it is drawn."

*Held,* that in giving the instruction, the court usurped the functions of the jury, and took away from them the question of value, which it was their province alone to determine.

SAME.—*Larceny.*—*Value of Stolen Property.*—*Presumption.*—It is essential to prove the value of property alleged to have been stolen, in order to determine the grade of the offense, and the penalty to be imposed; and in the absence of any evidence upon the subject of value, the court or jury can not indulge in presumptions to supply the omission.

SAME.—*Larceny of Check.*—*Value.*—*Deposit.*—*Presumption.*—The value of checks, drafts, etc., not being *prima facie* fixed by statute, in case of larceny of the same, the question of value is solely for the determination of the jury; and the fact that the drawer of the check has funds in the bank, the drawee, can not give rise to any presumption affecting its value.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter,* for appellant.

*A. G. Smith,* Attorney-General, and *W. S. Moffett,* for State.

DAILEY, J.—The appellant was indicted, in the court below, for the alleged larceny of one check on the First National Bank of Salem, New York, for the sum of fifty dollars, bearing date of June 19, 1893, excuted to the order of Arthur Le Roy Piser, by L. C. Piser, and charged to have been of the value of fifty dollars.

Plea of not guilty; trial by jury; verdict of guilty, assessing punishment at imprisonment in the State prison for the period of two years; a fine in the sum of one dollar, and disfranchisement for five years.

Burrows *v*. The State.

There was a motion for a new trial, which was over-
ruled.    Judgment upon the verdict and  appeal to this
court.

Six errors are assigned.    The first four are predicated
upon the overruling of the motion to quash the indict-
ment and the several counts thereof; the fifth, upon the
overruling of the appellant's motion for a new trial; and
the sixth, upon the overruling of his motion in arrest of
judgment.

Under the fifth specification of  error, it is contended
by counsel for the appellant, that the fifth instruction given
by the court to the jury of its own motion was clearly
erroneous.    It is as follows:  "A check drawn on a bank,
when the drawer has money on deposit, as much or more
than sufficient to pay the check, is presumptively of
some value in the hands of the person in whose favor it
is drawn."

It has long been an established rule of the courts that
without proof of the value of stolen property, there can
be no conviction for larceny.    It is essential to prove
the value of the property alleged to have been stolen, in
order to determine the grade of the offense and the pen-
alty to be imposed.    In the absence of any evidence upon
the subject of such value, the court or jury could not in-
dulge in presumptions to  supply the omission.    The
goods need not be proved to be of the value charged in
the indictment, but it must be shown that they are of
some value.    Bicknell's Crim. Pr., p. 327; Moore &
Elliott's Ind. Crim. Law, note, section 368, p. 238.

The market value of the article stolen, and not its
original cost, is the true criterion by which to determine
the grade of the larceny.    Moore & Elliott's Ind. Crim.
Law, note p. 239, citing Taylor's case, 1 City Hall Rec.
(N. Y.) 28; *State* v. *Doepke*, 68 Mo. 208; *Cannon* v.
*State*, 18 Tex. App. 172; *People* v. *Cole*, 54 Mich. 238.

There is an exception to this rule, in that the value of gold or silver coin and national currency generally being fixed by law, no other proof of their value is necessary. *McCarty* v. *State*, 127 Ind. 223; *Collins* v. *People*, 39 Ill. 233; *Grant* v. *State*, 55 Ala. 201; *Duvall* v. *State*, 63 Ala. 12.

In all jurisdictions where the value of notes, bills of exchange, drafts and checks is not *prima facie* fixed by statute, the question of their value is solely for the jury, and courts should not invade its province.

In Iowa and Missouri, where these instruments are, by statute, made subjects of larceny, their value is *prima facie* fixed by statute at their face value. *State* v. *Pierson*, 59 Iowa, 271; R. S. Mo. vol. 1, section 2539.

In this State, section 1878, Burns' Rev. 1894, defines what written instruments may be the subject of larceny, among which are named bills, orders, drafts, checks, etc. But we have no section of the statute fixing *prima facie* the value of such instruments. By this section such instruments are considered as personal goods, of which larceny may be committed, and their value is left to be determined by the jury, the same as that of any other article of personal property.

The enactment of laws in Iowa and Missouri, fixing *prima facie* the value of these choses in action, is a controlling argument in favor of the necessity of such a law, and equally as potent a reason, in the absence of it, that the value of this class of instruments is a question alone for the consideration of the jury trying the cause. Courts can not, during the progress of a trial, supply by instruction what they may deem to be necessary legislative enactments. The court bases its presumption of law, contained in instruction number five, upon the contingency that the drawer of the check has on deposit as

much money as will pay it, or more than enough for the purpose.

It is a rule of law well established that the giving of a check is not payment until the money is received on it, or the check is accepted by the bank at which it is made payable. *People, etc.,* v. *Baker,* 20 Wend. 600 (604); *People* v. *Howell,* 4 Johns. (N. Y.) 296 (303); *Pearce* v. *Davis,* 1 Moody & Rob. 365.

In *Harrison, Receiver,* v. *Wright,* 100 Ind. 515, it was held that the execution of a check is not even an equitable assignment of any part of the funds of the maker to the payee. This being true, the fact that the maker of the check has funds in the bank could not give rise to any presumption affecting its validity. It seems clear upon principle and by the great weight of authority, that at any time before acceptance and payment the drawer may countermand the check.

In the present case, the bank at which the check was made payable, being located in the State of New York, the maker could have availed himself of the right to order the bank not to pay it, or withdrawn the money on deposit before it could have been presented for payment.

In our opinion, in the giving of instruction number five, the court usurped the functions of the jury and took away from them the question of value, which it was their province alone to determine. In criminal cases the jury are the exclusive judges of the facts proven and of all inferences to be drawn therefrom. *Moore* v. *State,* 85 Ind. 90; *Jackman* v. *State,* 71 Ind. 149; *Faller* v. *Salmons,* 87 Ind. 328; *Union, etc., Ins. Co.* v. *Buchanan,* 100 Ind. 63.

This is a constitutional provision, guaranteed in the bill of rights.

Section 64, Burns' Rev. 1894, declares that: "In all

criminal cases whatever, the jury shall have the right to determine the law and the fact.''

It may be remarked that the giving of an erroneous instruction is not cured by the giving of a correct or conflicting one.

In Elliott's App. Proced., section 705, it is said: ''The general rule is that the court may cure errors in its instructions by withdrawing, explaining or correcting them. Where a material instruction is given that is erroneous it should be effectively withdrawn. An error in giving an erroneous instruction is not cured by merely giving another contradicting it. The court can not, without fatal error, give contradictory instructions to the jury.''

In the case at bar it is a conceded fact that the check in controversy was mailed by the maker at his home in New York, addressed to the payee at Crawfordsville, Indiana, payable to order, without any indorsement thereon. There is no testimony that it ever reached its destination, unless the posting of a letter duly addressed and stamped creates a *prima facie* presumption of its receipt by the party addressed within the usual time. As against such presumption there is the positive testimony of the prosecuting witness that it never came into his possession, and that he did not indorse it.

On the trial of the cause it became a material question whether the check in controversy, payable to order, out of the possession of the payee, and without his indorsement thereon, was of any value. The instruction in review, in effect, told the jury to ignore the testimony of the witnesses as to value, for the reason already indicated, that a value was to be presumed.

There are other questions presented by the record and argued by counsel in their briefs in this case, but as they

may not arise upon another trial of the cause we deem it
unnecessary to decide them.

For the error of the court in the matter herein indi-
cated, the judgment of the circuit court is reversed, with
instructions to grant a new trial, and for the necessary
order for the return of the prisoner.

