CLEO STOCKWELL v. STATE.

No. A-9047. April 10, 1936.
(56 Pac. [2d] 914.)

120

 

Springer & Hervey, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with the larceny of one pair of trousers; was tried, convicted, and sentenced to pay a fine of $25, and to be imprisoned in the county jail for a period of 30 days.

The defendant has assigned eighteen errors alleged to have been committed by the trial court. After a careful consideration of the facts stated in the record, the only assignment it is deemed necessary to consider is the 16th assignment, which is:

"The evidence in this case is insufficient to support the judgment of guilty as a matter of law."

Section 2255, O. S. 1931, divides larceny into two degrees; the first termed "grand larceny," and the second, "petit larceny." Section 2256, O. S. 1931, defines "grand larceny" as follows: Where the property taken exceeds $20 in value, or when such property, although not of the value exceeding $20, is taken from the person of another. "Petit larceny" is defined as follows: When property taken is of the value of $20 or less.

We have carefully examined the record and fail to find any evidence in the record showing the value of the old overalls alleged to have been stolen by the defendant. The record shows they had no value. It has long been

the established rule of the courts that without proof of the value of the stolen property there can be no conviction for larceny. It is essential to prove the value of the property in order to establish the grade of the offense and the penalty to be imposed. In the absence of any evidence on the subject of the value, the court or the jury could not indulge in presumptions to support the omission. It is not necessary that the goods alleged to have been stolen be proved to be the value charged in the indictment, but it must show that they are of some value. Burrows v. State, 137 Ind. 474, 37 N. E. 271, 45 Am. St. Rep. 210.

The view we take of this record, it is not necessary to consider the other assignments.

There being no proof to show the value of the property alleged to have been stolen, the judgment is reversed.

EDWARDS, P. J., and DOYLE, J., concur.