## CRAFT *v.* STATE OF INDIANA.

[No. 30,491. Filed December 7, 1964.]

*Carl Leibowitz,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

ARTERBURN, C. J.—The defendant was charged by affidavit with vehicle taking. In June, 1963, after a trial without the intervention of a jury, appellant was found guilty and sentenced to the Indiana State Reformatory for a period of not less than one [1] nor more than ten [10] years.

The appellant appeals and assigns as error the overruling of his motion for a new trial, which contains only the specifications that the finding of the court is contrary to law and is not sustained by sufficient evidence.

This case appears to be a complete comedy of errors. The charge appears to have been brought under Burns' §10-3010, Acts 1927, ch. 201, §4, p. 576, which reads as follows:

> "*Vehicle taking.*—Whoever unlawfully, without the consent of the owner, takes, hauls, carries or drives away any vehicle, automobile, car, truck, airplane or airship, operated by electricity or steam or explosive power, or any accessory or appurtenance contained in or on or forming a part thereof, of the value of fifty dollars [$50.00], or more, or whoever receives, buys, conceals, or aids in the concealment of such or any one or more of such, knowing the same to have been taken, shall be guilty of the crime of vehicle taking, and, upon conviction thereof, shall be imprisoned in the state prison for not less than one [1] nor more than ten [10] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Upon a second or subsequent conviction for vehicle taking, the person convicted shall be imprisoned in the state prison for not less than three [3] nor more than ten [10] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

However, we note that the charge might more properly have been brought under Burns' §10-3011, Acts 1941, ch. 148, §8, p. 447, as will appear hereafter.

It is first contended that the State failed to prove the appellant took or drove away the automobile in question, and the evidence supports the appellant in that respect. The evidence shows without dispute that the appellant, with one Michael Fodge and one Keith Palmer, were walking down the street when they saw the car in question parked, with keys in the ignition. Fodge told the other two to walk down by the river and he would pick them up with the car. This they did, and they all proceeded together in the car towards Mishawaka. It will be noted that Burns' §10-3011, Acts 1941, ch. 148, §8, p. 447 specifically provides: "whoever accompanies any person or persons while unlawfully using, driving, running or operating any vehicle" without the consent of the owner, violates the statute, while Burns' §10-3010 under which this charge was brought, has no such provision, nor is any allegation of that kind made in the affidavit filed.

It is next contended that there is no proof that the automobile in question was "operated by electricity, steam or explosive power" as alleged in the affidavit and recited in the statute. (Burns' §10-3010) We point out again that the other statute (Burns' §10-3011) merely refers to a "vehicle", without any allegation as to its method of propulsion. An examination of the evidence reveals that there is no evidence to support the allegation in the affidavit that the automobile was operated by "electricity, steam or explosive power". The State nevertheless asks this Court to take judicial notice that a "1959 Studebaker Lark automobile" is propelled by gasoline explosions. It would have been quite simple for the State to have made this proof. We, however, need not concern ourselves with that determination, since we come to a still more grave defect, namely, that there is no proof of the value of the automobile. The statute under which

the charge is brought recites that the automobile must be of the value of "fifty dollars [$50.00] or more." The affidavit alleges that the automobile was "of the value of One Thousand Five Hundred ($1,500.00) Dollars." This is an essential allegation of the charge that was alleged by the State and must be proved. *Baker* v. *State* (1928), 200 Ind. 336, 163 N. E. 268; *Burrows* v. *The State* (1893), 137 Ind. 474, 37 N. E. 271; 2 Ewbanks, Indiana Criminal Law, §1290 (Symmes Edition, 1956), p. 710; 32 Am. Jur., Larceny, §128, p. 1038.

We again point out that Burns' §10-3011 contains no requirement of proof of the value of the vehicle.

With these failures of proof, we have no alternative but to send the case back for retrial. It would have been better for the prosecuting attorney or his deputy at the trial to have followed the simple expedient and well-advised practice of listing the essential allegations to be proved and to have checked the items off as proof was made. Had such routine been followed, this case would not be here, and the time and expense of this appeal could have been eliminated.

The judgment is reversed, with directions to grant a new trial.

Myers, Landis and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 202 N. E. 2d 570.