JOHN THOMAS KEEL v. STATE OF INDIANA.

[No. 271S54. Filed December 18, 1973.]

Barrie C. Tremper, Meyers & Tremper, of Fort Wayne, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted under Acts of 1963, Spec. Sess., ch. 10, § 3, 1972 Supp. Burns Ind. Ann. Stat. § 10-3030, IC 35-17-5-3, of the crime of theft of

property of a value in excess of $100.00. The case was tried before a jury upon affidavit and plea of not guilty. He was sentenced to imprisonment for a term of not less than one nor more than ten years.

The appeal presents the single issue of the sufficiency of the evidence upon the question of the value of two leather coats which the defendant stole by shoplifting from a retail store. It is his contention that there was no evidence that their value was $100.00 or more.

. Richard I. Spiece, owner of the store from which the coats were stolen, testified that one of the coats was worth $54.95 to him and the other $59.95. Viewed in context, we can only take this as testimony that these were the prices at which he offered the coats for sale in the ordinary course of his retail business. He further testified that he sells coats for less than the fair market value. We view this as testimony that the fair market value of the coats was something in excess of $114.90.

Defendant challenges the testimony of Mr. Spiece because he acknowledged upon cross-examination that the stolen coats were part of a job lot that he had purchased from a manufacturer at a substantial season-end discount and that he could not assign a "cost price" to any individual coat in the lot. We are not concerned with their cost, however, but only with their fair market value. Under prior statutes, larcenies were divided into two categories, "grand" and "petit," the distinction between the two being the value of the property stolen; and we have held that the market value of the article stolen, and not its original cost, was the true criterion by which to determine the grade of the larceny. *Burrows* v. *State* (1893), 137 Ind. 474, 475, 37 N. E. 271.

Defendant urges that the State's valuation testimony indicated only an intrinsic value to the witness and that the only proper method of proving the value of the coats was to have called other merchants from the area, as expert witnesses. He has cited no authority, however, and we are reluctant to

search independently for that which we believe is unlikely to be found.

We find no error, and the judgment of the trial court is affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 304 N. E. 2d 304.